STRATTON, SECRETARY OF STATE OF ILLINOIS, *v*. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

No. 6. Argued January 16, 1930. Reargued October 28, 1930.— Decided November 24, 1930.

12

*Mr. Bayard Lacey Catron,* Assistant Attorney General of Illinois, with whom *Mr. Oscar E. Carlstrom,* Attorney General, was on the brief, for appellant.

*Mr. Josiah Whitnel,* with whom *Messrs. J. R. Turney* and *H. L. Browning* were on the brief, for appellee.

Mr. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This suit was brought on July 21, 1927, by St. Louis Southwestern Railway Company to restrain the enforcement of a statute of the State of Illinois (General Corporation Act, § 107), providing for the payment of a minimum franchise tax, upon the ground that the statute as applied to the complainant violated the commerce clause, and the due process and equal protection clauses, of the Federal Constitution. The bill of complaint prayed for both a preliminary and a permanent injunction against the defendant, Secretary of State of Illinois, from instituting any proceedings to assess the tax or to enforce any of the prohibitions or penalties prescribed in case of refusal to pay.

On July 22, 1927, the complainant made a motion for a temporary restraining order in accordance with the prayer of the bill. On the same day, District Judge Fitzhenry entered an order enjoining the defendant from re-

voking the complainant's certificate of authority, from hindering the complainant in transacting its business in the State of Illinois, and from taking any steps for the enforcement of penalties, pending the determination of the application for an interlocutory injunction. While this order was in force, the defendant, on November 4, 1927, moved to dismiss the bill for want of equity. This motion was heard and granted by District Judge Fitzhenry, sitting alone, and on June 7, 1928, he entered a decree dismissing the bill and dissolving the restraining order. 27 F. (2d) 1005.

On an appeal by the complainant from this decree, the Circuit Court of Appeals, holding the statute, which laid the tax, to be invalid under the Federal Constitution, reversed the decree and remanded the cause with directions to enter a decree in accordance with the views expressed in its opinion. 30 F. (2d) 322. A petition for a rehearing was denied, and from the decree of the Circuit Court of Appeals the present appeal is taken.

The question is thus necessarily presented, although not raised by the parties, with respect to the validity of the decree entered in the District Court, and the jurisdiction of the Circuit Court of Appeals to entertain the appeal from that decree, in the light of § 266 of the Judicial Code, as amended (U. S. C., Tit. 28, § 380). The statute provides that no interlocutory injunction, restraining the action of any officer of a State in the enforcement of a statute of the State, or of an order made by an administrative board or commission pursuant to a state statute, shall be granted by any Justice of the Supreme Court of the United States, or by any District Court, or by any Judge thereof, or by any Circuit Judge acting as District Judge, upon the ground of the unconstitutionality of the statute, unless the application for the injunction shall be heard and determined by three judges. When the application for such an injunction is presented to a justice or

judge, he must immediately call to his assistance two other judges, as stated, but if he is of opinion that irrep-, arable loss may otherwise result to the complainant, he may grant a temporary restraining order which is to remain in force only until the hearing and determination of the application for an interlocutory injunction upon prescribed notice. An appeal may be taken to this Court from the order granting or denying, after notice and hearing, an interlocutory injunction in such case. By the amendment of February 13, 1925 (43 Stat. 938), the provision with respect to the presence of three judges was made to apply also to the final hearing in such suit in the District Court; and from the final decree, granting or denying a permanent injunction, a direct appeal lies to this Court.

The decisions of this Court require the following conclusions as to the purpose and effect of the statute.

*First.* By the statute in its original form, the Congress sought to make interference by interlocutory injunction with the enforcement of state legislation a matter for the adequate hearing and full deliberation which the presence of a court composed of three judges, as provided by the statute, was likely to secure. *Cumberland Telephone & Telegraph Company* v. *Public Service Commission,* 260 U. S. 212, 216. The gravity of this class of cases was recognized and it was sought to minimize the delay incident to a review upon appeal from an order granting or denying an interlocutory injunction. *Chicago Great Western Railway Company* v. *Kendall,* 266 U. S. 94, 97; *Moore* v. *Fidelity & Deposit Company,* 272 U. S. 317, 321; *Ex parte Collins,* 277 U. S. 565, 567. These purposes were not altered by the amendment of the statute, which was designed to end the anomalous situation in which a single judge might reconsider and decide questions already passed upon by three judges on the application for an interlocutory injunction. *Patterson* v. *Mobile Gas Com-*

*pany,* 271 U. S. 131, 136; *Smith* v. *Wilson,* 273 U. S. 388, 390, 391.

*Second.* The statute applies only where there is a substantial claim of invalidity under the Federal Constitution and where an application for an interlocutory injunction, for the purposes contemplated by the statute, is made and pressed. *Ex parte Buder,* 271 U. S. 461, 463, 467; *Ex parte Hobbs,* 280 U. S. 168, 172. The complainant has an election. If an interlocutory injunction is not sought, a single judge may hear and determine the case, and an appeal from the final decree will lie to the Circuit Court of Appeals. Judicial Code, section 128, U. S. C., Tit. 28, sec. 225; *Ex parte Buder, supra; Moore* v. *Fidelity & Deposit Company, supra; Smith* v. *Wilson, supra.*

*Third.* If an application for an interlocutory injunction is made and pressed to restrain the enforcement of a state statute, or of an administrative order made pursuant to a state statute, upon the ground that such enforcement would be in violation of the Federal Constitution, a single judge has no jurisdiction to entertain a motion to dismiss the bill on the merits. He is as much without power to dismiss the bill on the merits, as he would be to grant either an interlocutory or a permanent injunction. His authority is strictly limited to granting, upon proper cause being shown, a temporary restraining order to be effective only pending the determination of the application for an interlocutory injunction. Upon making such an order, it is his duty immediately to call two other judges, as the statute directs, to assist him in hearing and determining that application. *Ex parte Northern Pacific Railway Company,* 280 U. S. 142, 144.

*Fourth.* If a single judge, thus acting without jurisdiction, undertakes to enter an order granting an interlocutory injunction or a final decree, either dismissing the bill on the merits or granting a permanent injunction, no appeal lies from such an order or decree to this Court, as

the statute plainly contemplates such a direct appeal only in the case of an order or decree entered by a court composed of three judges in accordance with the statutory requirement. Nor does an appeal lie to the Circuit Court of Appeals from an order or decree thus entered by a District Judge without authority, for to sustain a review upon such an appeal would defeat the purpose of the statute by substituting a decree by a single judge and an appeal to the Circuit Court of Appeals for a decree by three judges and a direct appeal to this Court.

Accordingly, where a court of three judges should have been convened, and was not, this Court may issue a writ of mandamus to vacate the order or decree entered by the District Judge and directing him, or such other judge as may entertain the proceeding, to call to his aid two other judges for the hearing and determination of the application for an interlocutory injunction. *Ex parte Metropolitan Water Company,* 220 U. S. 539; *Ex parte Northern Pacific Railway Company, supra.** This remedy would not be available if there were a remedy by appeal. *Ex parte Harding,* 219 U. S. 363; *Ex parte Metropolitan Water Company, supra; Ex parte Park Square Automobile Station,* 244 U. S. 412, 415; *Ex parte Slater,* 246 U. S. 128; *Ex parte Tiffany,* 252 U. S. 32, 37; *Ex parte Riddle,* 255 U. S. 450; *Maryland* v. *Soper* (*No. 1*), 270 U. S. 9.

*Fifth.* It follows that, in the present case, no appeal lay to the Circuit Court of Appeals, and that court should have dismissed the appeal for want of jurisdiction. The

---

* The Act of October 22, 1913, c. 32, 38 Stat. 208, 220, U. S. C., Tit. 28, § 47, and section 266 of the Judicial Code, U. S. C., Tit. 28, § 380, are *in pari materia* (*Virginian Railway Co.* v. *United States,* 272 U. S. 658, 671, 672), and this Court may also issue a writ of mandamus to the District Judge to require the performance of the statutory duty under the former Act. *Ex parte Atlantic Coast Line R. Co.,* 279 U. S. 822.

bill prayed for a preliminary, as well as for a permanent, injunction. On filing the bill the complainant at once moved for a temporary restraining order in accordance with the prayer of the bill. The order granted by the District Judge recited that the complainant sought a temporary restraining order pending a hearing on an application for an interlocutory or preliminary injunction, and the order enjoined the enforcement of a state statute until the consideration and determination of that application. The application to restrain the enforcement of the state statute pending the suit, was manifestly not withdrawn but was continuously pressed in order to avoid the prohibitions and penalties imposed by the state law in case the tax in question was not paid. The District Judge, on granting the temporary restraining order, failed to call in two other judges to aid him in hearing and determining the application for the interlocutory injunction, and the restraining order was permitted to operate as an interlocutory injunction for several months and until the determination of the motion to dismiss the bill on the merits.

The requirement of the statute has regard to substance and not to form. It matters not whether the injunction is called preliminary or interlocutory, or is styled a temporary restraining order, if it is granted to restrain the enforcement of state legislation and is continued in force until the hearing on the merits, without such restraint pending the suit being made the subject of consideration and determination by three judges as the statute requires. The temporary restraining order which the District Judge, acting alone, could grant is only to maintain the *status quo*, on proper cause being shown, for such time as may be necessary to obtain a decision upon the application for an interlocutory injunction by a court of three judges, which is to be immediately convened.

As the proceeding in this suit fell within the provision of the statute and the District Judge had no jurisdiction to hear the motion to dismiss the bill on the merits, the consent of the parties could not give validity to the decree or confer jurisdiction upon the Circuit Court of Appeals to entertain an appeal therefrom. *United States* v. *Emholt,* 105 U. S. 414, 416; *Parker* v. *Ormsby,* 141 U. S. 81, 86; *Perez* v. *Fernandez,* 202 U. S. 80, 100; *443 Cans of Egg Product* v. *United States,* 226 U. S. 172, 184; *Exporters* v. *Butterworth-Judson Company,* 258 U. S. 365, 369.

The remedy by mandamus to vacate the decree and to require the District Judge to call to his assistance two other judges, as directed by the statute, to hear the application for an interlocutory injunction, is still available. It is not necessary, however, that formal application should be made for such a writ, as the District Judge may now proceed to take the action which the writ, if issued, would require.

When it appears, on an appeal to this Court from a decree of the Circuit Court of Appeals, that the latter court has acted without jurisdiction in entertaining the appeal from the District Court, the appropriate action of this Court is to reverse the decree of the Circuit Court of Appeals and to remand the case with directions to dismiss the appeal to that court for want of jurisdiction. *Union & Planters' Bank* v. *Memphis,* 189 U. S. 71, 73–74; *443 Cans of Egg Product* v. *United States, supra; Carolina Glass Company* v. *South Carolina,* 240 U. S. 305, 318; *City of New York* v. *Consolidated Gas Company,* 253 U. S. 219, 221; *The Carlo Poma,* 255 U. S. 219, 221.

*Decree reversed and cause remanded to the Circuit Court of Appeals with directions to dismiss the appeal to that court for want of jurisdiction.*