**BRUCKER, Atty. Gen. of Michigan, et al. v. FISHER et al.**

No. 5928.

Circuit Court of Appeals, Sixth Circuit.
May 11, 1931.

760

Paul W. Voorhies, Atty. Gen., and E. R. Boyles, Deputy Atty. Gen., for appellants.

Beaumont, Smith & Harris, of Detroit, Mich., Archibald Broomfield, and Hal H. Smith, of Detroit, Mich., for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This cause comes on for hearing upon motion to dismiss defendants' appeal from the decision [41 F.(2d) 774] of a three-judge court sitting in the Eastern District of Michigan, in which the plaintiffs, Marion H. Fisher and the Union Trust Company of Cleveland, here appellees, sought both a temporary and a permanent injunction against defendants to restrain the enforcement of the Michigan Inheritance Tax Law (chapter 236, Compiled Laws of Michigan of 1915, as amended), upon the ground, inter alia, that such inheritance tax law operated in violation of the Fourteenth Amendment to the Federal Constitution. Whether a preliminary restraining order was issued does not clearly appear from the record in its present state. It is, however, made to appear that a motion for interlocutory injunction was filed with the bill of complaint, that notice thereof was given to opposing counsel, and that the three-judge court (Judges Denison, Tuttle, and Simons) was thereupon convened to hear said motion, all as provided by section 266 of the Judicial Code (28 U. S. C. § 380 [28 USCA § 380]).

At the time set for hearing of the motion for interlocutory injunction, the court suggested that perhaps final disposition of the action could be expedited by stipulating the facts and submitting the case upon the merits at the one hearing. Counsel for the plaintiffs thereupon engaged in a dialogue with the court, a fair statement of the substance of which is that the plaintiffs were not to be considered as waiving any rights of appeal which they might have by virtue of their pressing the motion for interlocutory injunction. The defendants announced that they would take no action in the case pending final submission, but it seems to have been definitely understood at that time that the three-judge court was doing no more than accepting submission of the case both upon the application for interlocutory injunction and upon the merits. The case was apparently then fully argued, and the stipulation as to the facts and written briefs were subsequently submitted. No interlocutory injunction was granted, nor did the court eventually pass upon the constitutional question, but it was decided that the plaintiffs were entitled to relief under the state law as properly construed. 41 F.(2d) 774. The issue presented by the present motion is whether, under these

circumstances, the appeal should have been to the Supreme Court of the United States, rather than to this court.

■■■ This question would seem to require an affirmative answer under the decision in Stratton v. St. Louis S. W. Ry. Co., 282 U. S. 10, 51 S. Ct. 8, 75 L. Ed. ——, and the cases there cited. These cases establish the principles that section 266 applies only where there is a substantial claim of invalidity under the Federal Constitution and where an application for an interlocutory injunction is made and pressed. (No contention is made that the constitutional question was frivolous or that the plaintiff did not press the application for interlocutory injunction to hearing.) If an interlocutory injunction is not sought, a single judge may hear and determine the case, and the appeal then lies to the Circuit Court of Appeals; but this election lies with the complainant, and "if an application for an interlocutory injunction is made and pressed to restrain the enforcement of a state statute, or of an administrative order made pursuant to a state statute, upon the ground that such enforcement would be in violation of the Federal Constitution, a single judge has no jurisdiction to entertain a motion to dismiss the bill on the merits." Stratton v. St. Louis S. W. Ry. Co., supra, 282 U. S. page 15, 51 S. Ct. 8, 10, 75 L. Ed. ——. The motion for interlocutory injunction must be heard before the statutory three-judge court. By the 1925 amendment of section 266 (28 USCA § 380) the hearing upon the merits must likewise be held before such three-judge court if an application for a temporary injunction had been duly made and pressed. An appeal lies directly to the Supreme Court from the decision of the three-judge court in either such instance. The Court of Appeals is then without jurisdiction. See Judicial Code, §§ 238 and 128 (28 U. S. C. §§ 345 and 225 [28 USCA §§ 345 and 225]).

■■■ The language of the Supreme Court that an application for an interlocutory injunction must be "made and pressed," in order to justify a hearing before the three-judge court and a subsequent appeal direct to the Supreme Court, can logically mean only "pressed to hearing" and not, necessarily, decided. Once the three-judge court has been properly convened to hear an application for interlocutory injunction and has assumed jurisdiction of the case, the jurisdiction of such court would continue to the end, or at least as long as the application for temporary injunction had not been withdrawn. It would then seem immaterial whether a preliminary restraining order had or had not issued, whether an interlocutory injunction had in fact issued pending determination on the merits, or whether the statutory court had simply reserved decision upon the application for interlocutory injunction, and, in lieu of deciding that question, had disposed off the case upon its merits. The determinative question always is whether the plaintiffs have pressed their application for interlocutory injunction so as to procure the immediate hearing and the early decision which are contemplated by section 266. The defendants' voluntary consent to inaction on the part of state officers, in lieu of preliminary restraining order or interlocutory injunction, likewise should not divest the three-judge court of jurisdiction in a case where the application for interlocutory injunction had been made and immediate hearing and early decision had been secured by this special procedure. The plaintiffs are masters of this phase of the case and cannot be deposed by defendants.

■■■ Nor do the existence of other grounds of federal jurisdiction and the fact that the court placed the final decision upon nonconstitutional grounds affect the jurisdiction of the statutory three-judge court. If the three-judge court rightly acquired and proceeded to exercise its jurisdiction, the appeal would be to the Supreme Court, upon whatever grounds the injunction was allowed or denied, provided always that the constitutional question was substantial and not frivolous. The expression in Ex parte Buder, 271 U. S. 461, 465, 46 S. Ct. 557, 70 L. Ed. 1036, upon which defendant relies, was obviously not meant to nullify the provision of section 128 of the Judicial Code (28 USCA § 225) expressly excepting this class of cases from the jurisdiction of the Circuit Courts of Appeals.

The suggestion was made that this was perhaps a case in which a transfer could be made to the Supreme Court. Provision for such transfers was added by the Act of September 14, 1922, Judicial Code § 238a, c. 305, 42 Stat. 837, and was repealed by the Act of February 13, 1925, c. 229, 43 Stat. 936, 942. Since then there is apparently no provision for transfer.

The motion to docket and dismiss the appeal is therefore granted.