**CANNONBALL TRANSP. CO. v. AMERICAN STAGES, Inc., et al.**

No. 881.

District Court, S. D. Ohio, E. D.
Nov. 16, 1931.

See, also, 53 F.(2d) 1051.

A. R. Johnson, of Ironton, Ohio, and D. H. Armstrong, of Columbus, Ohio, for plaintiff.

Beecher W. Waltermire, of Columbus, Ohio, for defendants.

Before HICKENLOOPER, Circuit Judge, and HOUGH and NEVIN, District Judges.

HICKENLOOPER, Circuit Judge.

 Section 266 of the Judicial Code (title 28, U. S. C., § 380 [28 USCA § 380]) applies only to actions (1) in which an application for interlocutory injunction is made and pressed, (2) to restrain the enforcement, operation, or execution of a state statute (including the orders of an administrative board or commission acting under and pursuant to the statutes of such state), (3) by restraining the action of some state officer in the enforcement or execution of such statute or order, and (4) where such relief is sought upon a substantial claim of unconstitutionality of the statute or order there involved. Cf. Stratton v. St. Louis S. W. Ry., 282 U. S. 10, 51 S. Ct. 8, 75 L. Ed. 135. Each of these four conditions precedent must exist before the single District Judge is shorn of his jurisdiction to hear and determine the cause without calling to his assistance two other federal judges as specified, and before the course of appeal is changed. Doubtless the presence of the additional judges at the hearing of a case to which section 266 did not apply would not invalidate the proceeding; but in such case the decision of the court must be the decision of the single District Judge in whose court the action originated— not the decision of a majority of the three judges—and subsequent appellate proceedings are not affected.

██ In the present case a private complainant seeks equitable relief against a private defendant, not upon the ground that a state statute or the order of an administrative board or commission is violative of the Federal Constitution, but upon the ground that the permit issued to the defendant by the Public Utilities Commission of Ohio has expired (or has become invalid) through failure to commence operations within ninety days, as was required by the order. No state officer is a party to the suit. No injunction is sought to restrain the action of such officer in the enforcement or execution of the order issued. We need not now decide whether the complainant has, or has not, a right to equitable relief under the doctrine of Frost v. Corporation Commission, 278 U. S. 515, 519, 520, 49 S. Ct. 235, 73 L. Ed. 483. It is obvious that no substantial claim is made of the unconstitutionality of the order itself, or of the administrative action by which it was issued.

Because no interlocutory injunction is sought against a state officer, or to restrain the action of such officer "in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such State," and because no substantial claim of unconstitutionality of such an order, or of a state statute, is here made, the two additional judges, who were called to the assistance of the District Judge under the provisions of section 266, will, and we now do, withdraw from the case which will proceed under the sole control and jurisdiction of the District Judge. Connecting Gas Co. v. Imes, 11 F.(2d) 191; Connor v. Board of Commissioners, 12 F.(2d) 789, both three-judge cases in the Southern District of Ohio.

An order may be drawn evidencing this action.