## UNITED ADVERTISING CORPORATION v. LYNCH et al.*

District Court, S. D. New York.

July 25, 1932.

*Decree affirmed —— F.(2d) ——.

Gilbert & Gilbert (by A. S. Gilbert and Godfrey Cohen), of New York City, for complainant.

John J. Bennett, Jr., Atty. Gen. (by Wendell P. Brown, Asst. Atty. Gen.), for defendants.

**GODDARD, District Judge.**

This is a motion by the defendants to dismiss the bill of complaint upon the ground that it does not state facts sufficient to constitute a cause of action in equity. The bill alleges, as jurisdictional requirements of diversity of citizenship, that the matter in controversy exceeds $3,000, and that the complainant has exhausted all the administrative remedies provided by the state of New York. The relief prayed for in the bill is to direct the defendants, constituting the state tax commission of the state of New York, to revise, resettle, and readjust the taxes payable by the complainant for the years commencing November 1, 1925 to 1930, inclusive; to direct the tax commission to credit the complainant with the sum of $9,656.91 alleged to have been illegally exacted by the state tax commission for the said years, and to cause the said tax commission to direct that this sum of $9,656.91 be refunded to the complainant.

Included in the allegations of the bill are the following: That the complainant is a foreign corporation subject to the franchise tax of the state of New York under article 9-A of the New York Tax Law (section 208 et seq. [Consol. Laws, c. 60]); that it filed its reports as required by that article for the years in question; that on April 9, 1931, the said tax commission made and rendered its statement and account of the taxes assessed and claimed against the complainant for the said years amounting in the aggregate, including penalties, to $19,930.34; that within the time provided in section 218 of the Tax Law, namely, within one year thereafter, the complainant applied to the said tax commission to have the taxes so assessed revised, resettled, and readjusted; that a hearing was had before the said commission and the complainant presented its evidence, proofs, and contentions; that subsequently the state tax commission revised the said taxes by reducing them to $13,609.14 and in its notice of such revision threatened to impose penalties and to issue execution against the property of the complainant unless the said taxes as so revised should be paid on or before October 21, 1931; that the complainant protested against the amount of the assessments as revised and was then informed by the tax commission that it did not base the tax upon the segregation of assets, and that without notice to the complainant the commission had disregarded evidence presented by complainant of its segregation of assets and had adopted an arbitrary and discriminatory basis for assessing the taxes and included in its computation certain sales and sublet business of the complainant without regard to whether said sales and sublet business were or were not made within the state of New York, and arbitrarily included dividends received from sources without the state; that the complainant thereupon protested against the basis adopted by the com-

mission on the ground that it was arbitrary, improper, unjust, inequitable, and not according to the valid provisions of article 9-A, and upon the further ground that the basis adopted was in violation of section 2 of article 4 of the Constitution of the United States and the Fourteenth Amendment, in that it deprived the complainant of its property without due process of law; and that the complainant requested from the tax commission a further opportunity of presenting its evidence, which request was denied by the tax commission on the ground that one hearing had already been had; that after this refusal, and to avoid the imposition of penalties and the issuance of execution against its property, the complainant paid under protest the tax so assessed; that the tax commission, without notice to the complainant, used an arbitrary and discriminatory basis for determining the said taxes, claiming the right to do so under the fourth paragraph of subdivision 9 of section 211 of the Tax Law; that such basis imposes a greater tax upon the complainant than is imposed upon other corporations; that section 218 of the New York Tax Law provides that if it appears that a corporation should have paid an excess of tax under article 9-A, the tax commission shall credit such corporation with the amount of such excess and that such credit may be refunded to such corporation; that the amount of taxes for said year based upon a proper legal and equitable computation would be as set forth in the bill of complaint; that after payment of the tax under protest as aforesaid, the complainant instituted this suit for the relief which it alleges could not have been secured under the laws of the state of New York because of the arbitrary action of the commission.

Article 9-A of the New York Tax Law imposes an annual franchise tax upon business corporations. The tax is imposed upon domestic corporations for the privilege of exercising their franchises in this state. In respect to foreign corporations a tax is imposed as a privilege of doing business in the state of New York. Corporations liable to this tax are required to report to the state tax commission on or before July 1st of each year, or within thirty days after the making of their report of entire net income to the United States Treasury Department for any fiscal or calendar year preceding said 1st day of July, the information necessary to enable the commission to compute the tax (section 211). The tax commission is thereupon to audit and state the account of the corpora-

tion; to compute the tax thereon, and give notice of this assessment to the corporation (sections 219-a and 219-b). The tax is for a year in advance commencing November 1st of each year and is measured by the entire net income of the corporation for the preceding calendar or fiscal year, and the rate is 4½ per centum of the entire net income of the corporation or portion thereof taxable within the state (section 215). The tax is due and payable on or before the 1st day of January of each year or within thirty days after notice of the same has been given to the corporation if given subsequent to the 1st day of December of the year for which the tax is imposed (section 219-c).

In the event that the entire business of the corporation is carried on within the state, the tax is based upon the entire net income; if the entire business of the corporation is not transacted within the state, the tax is based upon such a proportion of the entire net income as the aggregate of certain specified classes of assets within the state bears to the aggregate of such classes of assets wherever located. The specified assets are the average monthly value of: (1) Real and tangible personal property; (2) certain bills and accounts receivable; and (3) stocks of other corporations apportioned in accordance with the value of the physical property representing the same (section 214).

It is further provided in section 211, subd. 9, par. 4, now subd. 11, that if it shall appear to the tax commission that the segregation of assets shown by any report made under this article does not properly reflect the corporate activity or business done or income earned from corporate activity or from business done within this state because of the character of the corporation's business and the character and location of its assets, the tax commission is authorized and empowered to equitably adjust the tax upon the basis of the corporate activity or the business done within and without the state rather than upon capital or assets employed.

Under section 218 it is provided that if the taxpayer be dissatisfied with the audit made by the tax commission, the taxpayer may file with the commission at any time within one year from the time of such audit an application for revision upon which application the commission is required to grant a hearing, and if it shall be made to appear, upon any such hearing by evidence submitted to it or otherwise, that any such account included taxes or other charges which could not have been lawfully demanded or that pay-

ment has been illegally made or exacted of any such account, or if it appears that the tax as originally assessed was less than should have been exacted, the commission is required to resettle the same according to law and the facts by increasing or diminishing the tax or other charges and adjust the accounts accordingly. It also provided for credit or refund to the corporation of the amount of any overpayment made by it.

The determination of the commission is subject to review by certiorari to the state Supreme Court, provided application thereof be made within ninety days after service of the notice of the commission's final determination and the full amount of the taxes, percentage, interest, and other charges audited and stated be deposited with the tax commission before making the application and an undertaking be given for the costs of the proceeding. Section 219, as amended by Laws 1928, c. 20, § 2, provides:

"§ 219. *Review of determination of tax commission by certiorari and regulations as to writ.* The determination of the commission upon any application made to it by any corporation for revision and resettlement of any account, as prescribed by this article, may be reviewed in the manner prescribed by and subject to the provisions of section one hundred and ninety-nine of this chapter.

"No certiorari to review any audit and statement of an account or any determination by the commission under this article shall be granted unless notice of application therefor is made within ninety days after the service of the notice of such determination. Eight days' notice shall be given to the commission of the application for such writ. The full amount of the taxes, percentage, interest and other charges audited and stated in such account must be deposited with the state tax commission before making the application and an undertaking filed with the commission, in such amount and with such sureties as a justice of the supreme court shall approve, to the effect that if such writ is dismissed or the determination of the commission affirmed, the applicant for the writ will pay all costs and charges which may accrue against it in the prosecution of the writ, including costs of all appeals."

Section 199, which is a part of article 9 of the act, and which by section 219, supra, is made applicable to proceedings under article 9-A, as amended by Laws 1915, c. 317, § 4, provides: "§ 199. *Review of determination of tax commission by certiorari.* The determination of the commission upon any appli-

cation made to it by any person, partnership, company, association or corporation for a revision and resettlement of any account, as prescribed in this article, may be reviewed both upon the law and the facts upon certiorari by the supreme court at the instance of any person, partnership, company, association or corporation affected thereby, and in the name and on behalf of the people of the state. For the purpose of such review the commission shall return, on such certiorari, the accounts and all the evidence before it on such application, and all the papers and proofs upon the original statement of such account and all proceedings thereon. If the original or resettled accounts shall be found erroneous or illegal, either in point of law or of fact, by the supreme court, upon any such review, the accounts reviewed shall then be corrected and restated, and from any determination of the supreme court upon any such review an appeal to the court of appeals may be taken by either party."

■ If the complainant, who alleges diversity of citizenship of the parties, is entitled to any relief in this court, it seems to me it must obtain it from the law side of the court and not in equity, for it asks for revision of its taxes and the recovery of such of the tax as has been illegally exacted, and as the proceeding authorized by the state statute for the review of assessment by certiorari is a proceeding at law where the act of the taxation authorities is within their jurisdiction as it undoubtedly was in the case at bar. Stratton v. St. Louis Southwestern Ry. Co., 282 U. S. 10, 51 S. Ct. 8, 75 L. Ed. 135. Complainant seeks to distinguish Stratton v. St. Louis Southwestern Ry. Co., supra, on the ground that there was an attempt to enjoin the collection of a tax and the court held that plaintiff had adequate remedy at law because it could have paid the tax and maintained a suit at law for the recovery thereof; therefore that resort to collect was accordingly unnecessary. However, in the case at bar the tax was paid and this suit is for its recovery. See U. S. Trust Co. v. Mayor, 144 N. Y. 488, 39 N. E. 383.

■ Therefore it appears that if the complainant has a cause of action it is on the law side of the court, but section 219 provides that no certiorari to review any determination by the commission shall be granted unless notice of application therefor is made within ninety days after the service of such determination. There is no allegation in the bill of complaint to this effect, and in fact it appears that suit was not begun until upwards of five and one-half months after the

service of the notice of such final determination. It is apparent that the notice was not served later than October 21, 1931, and this suit was commenced on April 4, 1932. In Fourth Atlantic Nat. Bank v. City of Boston (C. C. A.) 300 F. 29, where the material facts were quite similar, it was held that such requirements are conditions precedent to the right of action and not a mere statute of limitations, and was a reasonable condition. See, also, National Shawmut Bank of Boston v. City of Boston (C. C. A.) 7 F.(2d) 1020. Even if this were a statute of limitations, this court would respect it as an action of law in accordance with section 721 of the Revised Statutes (28 USCA § 725). See Watkins v. Madison County Trust & Deposit Co. (C. C. A.) 24 F.(2d) 370 (certiorari denied 277 U. S. 602, 48 S. Ct. 562, 72 L. Ed. 1010).

■■■ It is urged by the complainant that the tax commission in making assessments under the fourth paragraph of subdivision 9, § 211, of the act, violated the Constitution of the United States because it is indefinite and permits an arbitrary, discriminatory, and unequal assessment of the taxes without relation to the assets of the complainant in the state of New York or the net income actually earned by the complainant in the state of New York. The usual method provided by the statute for allocating income to sources within and without the state is under the rule or formula which somewhat arbitrarily segregates the assets of the corporation. Section 211, par. 4, reads as follows: "§ 211. If it shall appear to the tax commission that the segregation of assets shown by the report does not properly reflect the corporate activity or business done, or the income earned from corporate activity or from business done in this state because of the character of the corporation's business and the character and location of its assets, the tax commission is authorized and empowered to equitably adjust the tax upon the basis of the corporate activity or the business done within and without the state rather than upon capital or assets employed."

Such a method is regarded as valid. Bass, Ratcliff & Gretton, Ltd. v. State Tax Commission, 266 U. S. 271, 45 S. Ct. 82, 69 L. Ed. 282; Underwood Typewriter Co. v. Chamberlain, 254 U. S. 113, 41 S. Ct. 45, 65 L. Ed. 165; S. S. Kresge Co. v. Bennett (D. C.) 51 F.(2d) 353, except in such instances where the method results in unreasonably including in the tax base income earned without the state. Hans Rees' Sons v. North Carolina ex rel. Maxwell, 283 U. S. 123, 51 S. Ct. 385, 75 L. Ed. 879. To avoid such a situation the alternative method for equitable assessment upon the basis of the corporate activity or business done within and without the state has been provided, with the object of preventing arbitrary, discriminatory, and unequal assessments which might arise under certain conditions if the segregation of assets rule or formula was used. It applies to every corporation, foreign or domestic, where the segregation of assets does not properly reflect the business or activity of the corporation. It allocates the corporate income to the states where the business producing that income was carried on and in proportion to the business transacted in each state. The statute is definite in stating that the occasions are those when it shall appear "that the segregation of assets shown by the report does not properly reflect the corporate activity or business done, or the income earned from corporate activity or from business done in this state because of the character of the corporation's business * * * and location of its assets," and the basis of the allocation is the corporate activity or business done within or without the state. The position of the defendant is certainly strengthened by the enactment of the present provision, and it seems to me that in view of the decision in Gorham Mfg. Co. v. Travis (D. C.) 274 F. 975, affirmed 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279, it is no longer open to question. It also seems to be settled that this court will not in an equity proceeding enjoin the collection of the state tax even though the taxpayer be without an adequate remedy at law if the assessment of the tax is due to an error on the part of the assessing officers and not due to an unconstitutional statute. Gorham Mfg. Co. v. Travis, supra.

Therefore it seems to me that the bill of complaint should be dismissed.