## SMITH et al. v. DUDLEY et al.
### No. 10790.

Circuit Court of Appeals, Eighth Circuit.
April 19, 1937.

454

A. P. Patton, of Jonesboro, Ark., and Marvin W. Houghton, of Des Moines, Iowa, for appellants.

Jack Holt, Atty. Gen., of Arkansas, and John P. Streepey, Asst. Atty. Gen., of Arkansas, for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This suit in equity was brought by Minnesota citizens engaged in the business of soliciting orders for photographs in the several states throughout the union, taking the photograph exposures in the localities where the solicitations are made and making the finished photographic prints in St. Paul, Minn., for delivery to the customers through the United States mail. The defendants are the Attorney General of Arkansas, the Prosecuting Attorney of the Second judicial district of Arkansas, the sheriff of Craighead county, and the municipal judge of Jonesboro, which is located within Craighead county. The object and purpose of the suit was to obtain both a preliminary and a permanent injunction to enjoin and restrain the named officers from enforcing against the plaintiffs and their servants the statute of Arkansas referred to as Act No. 186, p. 501, of the 1935 Session of the Arkansas Legislature on the ground of the unconstitutionality of such statute. The caption of said act is as follows:

"An Act to Levy, Collect and Enforce Payment of an Annual License Tax Upon Itenerant Non-Resident Photographers or Transient Makers of Photographs Within This State in Aid of the General School Fund of the County and for Other Purposes."

It was alleged:

"That the, said pretended law is unconstitutional because in contravention of section 8, article 2 [1] of the Constitution of the United States in that it is an attempt to regulate interstate commerce conflicting with the power of the Congress of the United States, and is directly and unreasonably burdensome upon the interstate commerce transactions of the plaintiffs.

"* * * That the said pretended law is unconstitutional because it is in contravention of section 1 of the Fourteenth Amendment to the Constitution of the United States, in that it deprives the plaintiffs of property without due process of law and denies them and each of them the equal protection of the law.

"* * * That said act is invalid and unenforceable for the reason that it is unduly discriminatory against non-residents, of the state of Arkansas and repugnant to article 4, section 2 of the Federal Constitution, in that it denies to the plaintiffs the same privileges and immunities as those who have had a permanently established business and bona fide place of business within the state of Arkansas for a period of one year or longer."

The prayer of the bill was:

"That a temporary restraining order issue herein enjoining said defendants as above set out; that said Act 186 of the 1935 Session of the Arkansas Legislature be declared invalid and unconstitutional, and that the said temporary order on final hearing of this cause be made perpetual and for all other proper relief."

The bill was filed in the Jonesboro division of the Eastern district of Arkansas on the 2d day of December, 1935, and was presented to the district judge on the 3d day of December, 1935, and thereupon the district judge issued his order which recited that it appeared that the plaintiffs were entitled to the relief prayed for in their bill of complaint, and:

"The court doth order and adjudge that the defendants, and each of them, be, and they are hereby temporarily restrained from arresting the plaintiffs or their agents, or in any manner interfering with the operation of the business of the plaintiffs herein in the solicitation of business in the City of Jonesboro, Arkansas. The defendants are also temporarily restrained from undertaking to seize or impound any property belonging to the plaintiffs or their employees."

Thereafter, so-called "writs of injunction" were issued and served upon each of the officers defendant, commanding them:

"To refrain from arresting the plaintiffs or their agents, or in any manner interfer-

ing with the operation of the business of the plaintiffs herein in the solicitation of business in the City of Jonesboro or Craighead County, Arkansas, and are also temporarily restrained from undertaking to seize or impound any property belonging to the plaintiffs, their agents or employees."

The record reflects that except for amendments made to the bill in equity nothing further was done in the case and the writs remained in force until, in the month of October, 1936 (more than ten months after the issuance of the injunctional order), the officers joined issue by answer to the bill. Thereafter a stipulation of facts was entered into and the cause was brought on for hearing before the district judge. The defendants then filed and presented their motion to dismiss the case "for the reason that under the agreed statement of facts this court is without equitable jurisdiction to grant the relief sought."

The judge considered the pleadings, the stipulation of facts, and the arguments of counsel, and made a finding of fact that the plaintiffs were not engaged in interstate commerce, and a conclusion of law that the act No. 186 "does not contravene the commerce clause of the Federal Constitution." He, therefore, ordered:

"That the temporary order heretofore entered in this cause should be and the same is hereby dissolved but to remain in effect pending final determination of this cause on appeal. The indemnifying bond given herein is ordered to be held in full force and effect until said cause has finally been disposed of on appeal."

The motion to dismiss was sustained and the plaintiffs have taken this appeal.

We think the record presents a question of the jurisdiction of this court which must be decided though not raised by the parties. This was a suit to enjoin the enforcement of a state statute governed by U.S.C. title 28, § 380 (28 U.S.C.A. § 380), which provides that no interlocutory injunction restraining the action of any officer of a state in the enforcement of a statute of the state shall be granted by any judge of a District Court upon the ground of the unconstitutionality of the statute, unless the application for the injunction shall be heard and determined by three judges. When the application for such an injunction is presented to a district judge, he must immediately call to his assistance two other judges, as stated, but if he is of opinion that irreparable loss may otherwise result to the complain-

ant, he may grant a temporary restraining order which is to remain in force only until the hearing and determination of the application for an interlocutory injunction upon prescribed notice. By the amendment of February 13, 1925 (28 U.S.C.A. § 380), the provision with respect to the presence of three judges was made to apply also to the final hearing of such suit in the District Court.

In Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 51 S.Ct. 8, 10, 75 L.Ed. 135, the Supreme Court has set out with particularity its conclusions as to the purpose and effect of the statute and the whole opinion is directly applicable to and conclusive upon the jurisdiction of this court on this appeal. It is apparent here that the district judge exceeded his jurisdiction when he granted and caused to be issued and served upon the officers defendant his interlocutory order which contained no limit upon the time during which it would remain in effect. The order was, by its terms, adapted to and did suspend the enforcement of the state law from the filing of the bill until the final trial and determination of the case and then was kept in effect so that it continues to suspend such enforcement up to the present time.

"If a single judge, thus acting without jurisdiction, undertakes to enter an interlocutory injunction or a final decree, either dismissing the bill on the merits or granting a permanent injunction, no appeal lies from such an order or decree to [the Supreme Court], as the statute plainly contemplates such a direct appeal only in the case of an order or decree entered by a court composed of three judges in accordance with the statutory requirement. Nor does an appeal lie to the Circuit Court of Appeals from an order or decree thus entered by a District Judge without authority, for to sustain a review upon such an appeal would defeat the purpose of the statute by substituting a decree by a single judge and an appeal to the Circuit Court of Appeals for a decree by three judges and a direct appeal to this Court. * * *

"Fifth. It follows that, in the present case, no appeal lay to the Circuit Court of Appeals, and that court should have dismissed the appeal for want of jurisdiction. The bill prayed for a preliminary, as well as for a permanent, injunction. On filing the bill the complainant at once moved for a temporary restraining order in accordance with the prayer of the bill. The

456

order granted by the District Judge recited that the complainant sought a temporary restraining order pending a hearing on an application for an interlocutory or preliminary injunction, and the order enjoined the enforcement of a state statute until the consideration and determination of that application. The application to restrain the enforcement of the state statute pending the suit was manifestly not withdrawn, but was continuously pressed in order to avoid the prohibitions and penalties imposed by the state law in case the tax in question was not paid. The District Judge, on granting the temporary restraining order, failed to call in two other judges to aid him in hearing and determining the application for the interlocutory injunction, and the restraining order was permitted to operate as an interlocutory injunction for several months and until the determination of the motion to dismiss the bill on the merits.

"The requirement of the statute has regard to substance and not to form. It matters not whether the injunction is called preliminary or interlocutory, or is styled a temporary restraining order, if it is granted to restrain the enforcement of state legislation and is continued in force until the hearing on the merits, without such restraint pending the suit being made the subject of consideration and determination by three judges as the statute requires. The temporary restraining order which the District Judge, acting alone, could grant is only to maintain the status quo, on proper cause being shown, for such time as may be necessary to obtain a decision upon the application for an interlocutory injunction by a court of three judges, which is to be immediately convened." Stratton v. St. Louis S. W. Ry. Co., supra.

 The plain duty of the trial court in order to conform to the decision of the Supreme Court in the Stratton Case, supra, is to vacate and set aside the judgment it has entered in this cause beyond its jurisdiction, but the duty of this court, complying with the same authority, is to decline to take jurisdiction of this appeal and to remand the case to be proceeded with as provided in the statute, U.S.C. title 28, § 380 (28 U.S.C.A. § 380). To the extent that the opinion of this court in Peet Stock Remedy Co. v. McMullen, 32 F.(2d) 669, would justify a different procedure, it must be deemed modified by the later decision of the Supreme Court in Stratton v. St. Louis S. W. Ry., supra.

We have noted that the injunctional order herein was made to apply to and include injunction against the prosecution of a criminal case actually pending against one of the plaintiffs at the time the bill in equity was filed. The use of the injunction for such a purpose is contrary to settled law and we think the order must have been so broadly drawn through inadvertence and that upon attention being directed to the matter the mistake will be avoided in any further proceedings that may be had in the case. Cline v. Frink Dairy Co., 274 U.S. 445, 453, 47 S.Ct. 681, 71 L.Ed. 1146; Jewel Tea Co. v. Lee's Summit, Mo. (D.C.) 198 F. 532, 539, affirmed (C.C.A.8) 217 F. 965, 967.

The appeal is dismissed for want of jurisdiction in this court.