(33 Misc. Rep. 569.)

## In re L. E. WATERMAN CO.

(Supreme Court, Special Term, Albany County. January, 1901.)

ILLEGAL TAXES—REPAYMENT—CONSTITUTIONAL LAW.

> Const. art. 3, § 21, provides that no moneys shall ever be paid out of the treasury, or any of the funds under its management, except in pursuance of an appropriation by law. Relator, in pursuance of Laws 1896, c. 908, § 197, requiring a deposit with the state treasurer of the taxes assessed before an application for a writ of certiorari to review the assessment is made, deposited with the state treasurer the amount of the taxes assessed against him, and made application for a writ of certiorari to have the assessment reviewed. *Held*, on a determination that the tax was illegal, that the treasurer could not pay out the money so deposited except on a legislative appropriation.

Application by the people, on the relation of the L. E. Waterman Company, for a writ of mandamus to compel Theodore P. Gilman, state comptroller, and John P. Jaeckel, state treasurer, to refund certain moneys deposited with them by relator. Application denied.

Logan, Demond & Harby, for the motion.

John C. Davies, Atty. Gen., and Robert E. Steele, Dep. Atty. Gen., opposed

CHESTER, J. The appellate division has reversed a determination of the comptroller assessing a tax against the relator under chapter 542 of the Laws of 1880, as amended by chapter 908 of the Laws of 1896. See People v. Morgan, 48 App. Div. 395, 63 N. Y. Supp. 76. As a condition of the right to apply for the writ of certiorari under which the appellate division reviewed the determination of the comptroller, the relator deposited with the state treasurer the full amount of the taxes assessed against it, pursuant to the requirements of section 197 of the tax law (Laws 1896, c. 908). This tax now having been determined to be illegal, the relator seeks by this motion to procure a refund of the moneys so deposited. The comptroller refused to draw his warrant upon the treasurer for the amount, because of the prohibition contained in section 21 of article 3 of the constitution, which provides that "no moneys shall ever be paid out of the treasury of this state or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law." It seems to me clear that this prohibition applies, and that the comptroller cannot lawfully draw his warrant as requested. The fact that the moneys were, in the language of the statute, "deposited" with, instead of "paid" to, the treasurer, makes them none the less funds under his management, and therefore they cannot be taken out of the treasury except in pursuance of an appropriation. They must be taken out by legislative, and not by judicial, authority. The comptroller very properly consents to include the amount of this tax in the next appropriation bill he presents to the legislature, with the recommendation that he be authorized to refund the same to the relator. This will undoubtedly secure the payment of these moneys to the relator at an early day, but, as several applications of this character have been made before me, I venture to suggest that, instead of the

legislature making an appropriation to cover each specific case as it arises, justice requires an amendment to the tax law which will authorize the comptroller to refund moneys of this character upon the order of the court in cases where the tax has been finally adjudged to be illegal, thus preventing the injustice to corporations from whom taxes have been unlawfully exacted of waiting upon legislative action for the refunding of moneys deposited as a condition for obtaining a review of the assessment. The motion is denied, but, under the circumstances, without costs.

Motion denied, without costs.