## WAUGH *v.* BOARD OF TRUSTEES OF THE UNI-
## VERSITY OF MISSISSIPPI.

ERROR TO THE SUPREME COURT OF THE STATE
OF MISSISSIPPI.

No. 255.   Argued May 4, 1915.—Decided June 1, 1915.

The equal protection provision of the Fourteenth Amendment does not forbid classification based on obvious and rational distinctions.

If a state police statute is not invalid under the Fourteenth Amendment, regulations of the proper officials making it effective are not invalid under that amendment.

A State may base a classification of the students in its educational institutions by putting those already connected with organizations, the joining of which is to be prohibited by a police statute, into an excepted class by themselves; the classification is reasonable as legislation should not, on principles of construction and justice, be construed retrospectively.

What regulations a State may establish as to the discipline of its educational institutions, and how such regulations shall be enforced, are matters for the state courts to determine, and unless they deny due process of law under the Fourteenth Amendment, the decision of the state court is conclusive.

A State may establish the rule that students in its educational institutions shall not affiliate with fraternities, and even though such fraternities may be moral and beneficial in themselves, the prohibition is a matter within the wisdom of the state legislature and does not offend the due process provision of the Fourteenth Amendment.

The statute of Mississippi of 1912 prohibiting Greek-letter fraternities and other societies in the educational institutions of the State is not unconstitutional under the Fourteenth Amendment, either as denying students due process of law or as denying some of them the equal protection of the law by reason of its permitting those students already members of such societies to continue their membership under specified conditions.

THE facts, which involve the constitutionality under the due process and equal protection provisions of the Fourteenth Amendment of a statute of the State of Mississippi prohibiting Greek Letter fraternities and other societies in

the educational institutions of the State, are stated in the opinion.

*Mr. A. F. Fox,* with whom *Mr. Hamilton Douglas* and *Mr. William G. Cavett* were on the brief, for plaintiff in error:

The second section of said act and said order of the Board of Trustees is unreasonable and *ultra vires.* 22 Am. & Eng. Enc. 936; *Bell's Gap R. R.* v. *Pennsylvania,* 134 U. S. 232; *Cotting* v. *Goddard,* 183 U. S. 79; *Gulf, Col. & Santa Fe R. R.* v. *Ellis,* 165 U. S. 666; *Lawton* v. *Steele,* 150 U. S. 133; *Miller* v. *Pittsburg,* 180 Massachusetts, 32; *Tol., Wab. & West. R. R.* v. *Jacksonville,* 67 Illinois, 37; *Lakeview* v. *Rosehill Cemetery,* 70 Illinois, 191; *Viemeister* v. *White,* 179 N. Y. 235; Words & Phrases, pp. 5427, 5431, 5432; *Yick Wo* v. *Hopkins,* 118 U. S. 356.

See cases in regard to schools. *Bissell* v. *Davidson,* 65 Connecticut, 183; *Burdick* v. *Babcock,* 31 Iowa, 562; *Deskins* v. *Gose,* 85 Missouri, 485; *Dritt* v. *Snodgrass,* 66 Missouri, 286; *Hobbs* v. *Germany,* 94 Mississippi, 469; *Kinzer* v. *Toms,* 3 L. R. A. (N. S.) 496; *Viemeister* v. *White,* 179 N. Y. 234; *Ward* v. *Flood,* 48 California, 36.

For fraternity cases see *Bradford* v. *Board of Education,* 121 Pac. Rep. 929; *Stallard* v. *White,* 92 Indiana, 278; *Wayland* v. *School Directors,* 7 L. R. A. (N. S.) 352; *Wilson* v. *Chicago Board of Education,* 233 Illinois, 464.

Plaintiff in error is denied equal protection of law. *Boyd* v. *United States,* 116 U. S. 616; *Cotting* v. *Goddard,* 183 U. S. 79; *Gulf, Col. & S. F. R. R. Co.* v. *Ellis,* 165 U. S. 66; *McFarland* v. *Goins,* 50 So. Rep. 493; *Southern Ry.* v. *Green,* 216 U. S. 400; *Yick Wo* v. *Hopkins,* 118 U. S. 356.

The classification must be reasonable and in this case it is unreasonable. *Gulf, C. & S. F. R. R. Co.* v. *Ellis,* 165 U. S. 66; *Southern Railway* v. *Green,* 216 U. S. 400.

*Mr. Jackson H. Ralston*, with whom *Mr. William C. McLean* and *Wm. E. Richardson* were on the brief, for defendant in error.

· Mr. Justice McKenna delivered the opinion of the court.

Plaintiff in error, herein called complainant, by a bill in the chancery court of Lafayette County, State of Mississippi, attacked the validity and sought to restrain the execution of an act of the State [act of Feb. 27, 1912, c. 177, Miss. L. (1912), p. 192], prohibiting Greek letter fraternities and societies in the State's educational institutions.

Section 1 of the act designates by name certain societies and declares that they "and other secret orders, chapters, fraternities, sororities, societies and organizations of whatever name, or without a name, of similar name and purpose, among students are hereby abolished and further prohibited to exist in the University of Mississippi and in all other educational institutions supported, in whole or in part, by the State."

By § 2 of the act any student in the University belonging to any of the prohibited societies is not permitted to receive or compete for class honors, diplomas or distinctions nor contend for any prize or medal. But it is provided that any student who is a member of any of the prohibited orders or societies may, upon entrance to any of the schools, "file with the Chancellor, President or Superintendent, as the case may be, an agreement in writing that he will not, during his attendance at said school, affiliate with same, nor attend their meetings, nor in any wise contribute any dues or donations to them, and, thereafter so long as such agreement is complied with in good faith, such student shall not be subjected to the restrictions created by this act."

Subsequent sections provide for the enforcement of the

statute by the trustees and faculties of the institutions by rules and punishments and for the removal of any trustee or member of faculty if he fail or refuse to enforce the act.

Complainant in his bill set out the act and alleged that he was a resident, citizen and taxpayer in Goodman, Holmes County, in the State of Mississippi. That he was a member, and had been for several years, of what is known as the Kappa Sigma Fraternity and was affiliated and identified with the chapter of that fraternity at Millsaps College, and that such fraternity is one of those mentioned in the statute. ·

He also alleged that subsequent to the enactment of the statute the board of trustees of the University adopted an order which recited that the board desired it to be understood that the statute was "not to be construed to apply to students already entered and who conducted themselves with that decorum always expected of Southern Gentlemen."

Subsequently the board ordered that certain pledges should be incorporated in the application of a student for admission into the University. These were: that he was not pledged to become a member of any of the prohibited fraternities, nor a member of any such; and that he would pledge and promise not to join any such while he was a student, or aid, abet or encourage the organization or perpetuation of any of the orders. And, further, that he would not apply for nor accept any scholarship or medal or in any way be a beneficiary of any students' self-help fund. That it would be his purpose and constant endeavor so to act that no word or deed of his could be even remotely construed as being violative of the letter and spirit of the statute. The obligation was to be binding between the sessions of 1912–13 and 1913–14. The pledges required were embodied in the application of students.

Complainant applied for admission into the law de-

partment of the University but was refused admission because he declined to sign the pledges required, though he alleged that he was otherwise eligible for admission under the laws of the State and of the United States; that he has never been a member of any of the prohibited fraternities organized among the students of the University or located at the University, and, though he is affiliated with and pays dues to the chapter of the Kappa Sigma Fraternity at Millsaps College, if admitted as a student to the University of Mississippi, he has no intention or purpose of encouraging the organization or continuance of any of the prohibited fraternities or of affiliating with or paying dues to any at the University.

The statute is charged to be in certain particulars in violation of the constitution of Mississippi. It is also charged to be in violation of the Fourteenth Amendment of the Constitution of the United States because it "without reason, deprives the complainant of his property and property right, liberty and his harmless pursuit of happiness and denies to the complainant the equal protection of the law of the State of Mississippi."

The charge is accentuated by the allegation that the society of which complainant is a member "has for its paramount purpose the promotion and enforcement of good morals, the highest possible attainment and standing [in the classes], and good order and discipline in the student bodies of the different colleges with which it is connected."

A demurrer was filed to the bill on grounds which asserted the validity of the statute and the insufficiency of the bill, and subsequently a motion was made to strike out the praise of the purposes of the Kappa Sigma Fraternity. The demurrer was overruled and the motion denied.

Defendants declined to plead further, and it was decreed, with recitation of details, that the statute was in violation of the constitution of Mississippi "and in violation of that paragraph of Section 1 of Article Fourteen of

the Constitution of the United States, which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws." The statute was declared to be "unconstitutional, null and void" and the orders of the trustees of the University "*ultra vires,* unreasonable and void." It was ordered that the injunction theretofore granted be made perpetual.

The decree was reversed by the Supreme Court of the State, the demurrer sustained and the bill dismissed.

The Supreme Court specifically rejected the contention that the statute was not in accordance with the constitution of the State, and as specifically sustained the orders of the trustees as being authorized by the statute.

The rulings cannot be questioned here; indeed, are not questioned, for counsel say that the assignments of error are all based on the contention that the statute is unconstitutional and void for the reason that it violates the Fourteenth Amendment in denying to complainant "the equal protection of law and the harmless pursuit of happiness, and that the various rules and regulations adopted by the Board of Trustees are *ultra vires* and void, because they are unreasonable, unnecessary, and deny plaintiff in error the equal protection of the law and the harmless pursuit of happiness;" and deprive him of property and property rights without due process of law and of the privileges and immunities of citizens of the United States.

If the statute is valid, the orders of the board of trustees are, and to keep up a distinction between them can only lead to confusion. Counsel, however, seem to urge that the statute may be adjudged valid and the orders of the trustees declared "*ultra vires* and unwarranted even by the said act, and that the action of the Board of Trustees in enforcing said regulation is arbitrary and unreasonable in depriving complainant of his constitutional rights."

However, we need not dispute about the distinction, but pass to the grounds of attack on the statute and orders

and ask, Wherein does either offend against the Fourteenth Amendment?—to be specific, Wherein do they deprive plaintiff of the equal protection of the laws or obstruct his pursuit of happiness?

The statute is universal in its prohibitions. None of the named societies or others "of whatever name, or without name," are permitted to exist in the University; and no student who is a member of any of them is permitted to receive or compete for class honors nor contend for prizes or medals. To secure this result one of the orders of the trustees was directed.

But by another order of the trustees a distinction is made. By it it is provided that the statute is not to be construed "to apply to students already entered and who conduct themselves with that decorum always expected of Southern Gentlemen." This order is assailed by plaintiff as "a clear discrimination between the 'ins' and 'outs,' between those who were, at the time the statute was enacted, students in the University and those who were not on that date members of the student body and who might desire to be admitted as such." The contention is made much of by counsel and the order is denounced, as irrational and arbitrary. But counsel overlook that it is an obvious principle of construction, and sometimes of justice, that laws are not to be construed retrospectively. The trustees regarded and followed the principle and left undisturbed the students already in the University, admonishing them, however, that their honor would be regarded as pledged not to abuse the right or the indulgence. And whether it was a right or an indulgence—whether required by the statute or accorded by the trustees,—it was based on an obvious and rational distinction, and the Supreme Court sustained its competence.

The next contention of complainant has various elements. It assails the statute as an obstruction to his pursuit of happiness, a deprivation of his property and

property rights and of the privileges and immunities guaranteed by the Constitution of the United States. Counsel have considered these elements separately and built upon them elaborate and somewhat fervid arguments, but, after all, they depend upon one proposition: whether the right to attend the University of Mississippi is an absolute or conditional right. It may be put more narrowly—whether under the constitution and laws of Mississippi the public educational institutions of the State are so far under the control of the legislature that it may impose what the Supreme Court of the State calls "disciplinary regulations."

To this proposition we are confined and we are not concerned in its consideration with what the laws of other States permit or prohibit. Its solution might be rested upon the decision of the Supreme Court of the State. That court said: "The legislature is in control of the colleges and universities of the State, and has a right to legislate for their welfare, and to enact measures for their discipline and to impose the duty upon the trustees of each of these institutions to see that the requirements of the legislature are enforced; and when the legislature has done this, it is not subject to any control by the courts."

This being the power of the legislature under the constitution and laws of the State over its institutions maintained by public funds, what is urged against its exercise to which the Constitution of the United States gives its sanction and supports by its prohibition?

It is said that the fraternity to which complainant belongs is a moral and of itself a disciplinary force. This need not be denied. But whether such membership makes against discipline was for the State of Mississippi to determine. It is to be remembered that the University was established by the State and is under the control of the State, and the enactment of the statute may have been induced by the opinion that membership in the prohibited

societies divided the attention of the students and distracted from that singleness of purpose which the State desired to exist in its public educational institutions.  It is not for us to entertain conjectures in opposition to the views of the State and annul its regulations upon disputable considerations of their wisdom or necessity.  Nor can we accommodate the regulations to the assertion of a special purpose by the applying student, varying perhaps with each one and dependent alone upon his promise.

This being our view of the power of the legislature, we do not enter upon a consideration of the elements of complainant's contention.  It is very trite to say that the right to pursue happiness and exercise rights and liberty are subject in some degree to the limitations of the law, and the condition upon which the State of Mississippi offers the complainant free instruction in its University, that while a student there he renounce affiliation with a society which the State considers inimical to discipline, finds no prohibition in the Fourteenth Amendment.

*Judgment affirmed.*