500

Lord, Day & Lord, of New York City (Bernard Knollenberg and Franklin B. Lord, both of New York City, of counsel), for complainant.

Wendell P. Brown, Asst. Atty. Gen., for defendants.

Before SWAN, Circuit Judge, and CAMPBELL and MOSCOWITZ, District Judges, convened pursuant to section 266 of the Judicial Code (28 USCA § 380).

SWAN, Circuit Judge.

The first paragraph of section 182 of article 9 of the New York Tax Law (Consol. Laws, c. 60) imposes an annual franchise tax upon real estate corporations as therein defined. From the time of its incorporation in 1911 up to and including March, 1932, the complainant filed its tax returns as a real estate corporation under section 182, and paid a franchise tax under said section for each year up to January, 1931. In April, 1932, the complainant was notified by the tax commission that it was doing considerable business other than real estate, and was required to file a return under article 9-A (section 208 et seq.) for the tax year beginning November 1, 1931, and ending October 31, 1932. For that year it paid a tax assessed pursuant to said article 9-A. On July 8, 1932, the tax commission also purported to assess an additional tax against the complainant "upon change of classification" from a real estate corporation to a business corporation amenable to said article 9-A. This is the tax in dispute. In amount it is $5,945.20, and the purported assessment is under a recent amendment to section 182 of article 9 of the Tax Law. That amendment became effective April 21, 1931 (chapter 514, Laws 1931), and reads as follows:

"Any corporation * * * classified under this section as a real estate corporation, upon change of classification making it amenable to * * * article nine-a, of the tax law, shall, for purposes of taxation upon its franchise hereunder, be subject to and shall, at the time of such change of classification, pay an added tax at the rate of two per centum upon a base measured by the corporation's actual net worth in excess of its actual paid in capital stock plus the amount of any dividends made or declared subsequent to the close of the preceding calendar year."

The complainant applied to the tax commission for a revision and readjustment of the disputed tax upon the ground that its change of classification occurred prior to the passage of the amendment; but, after a hearing, the complainant's protest was overruled and the tax confirmed. Notice thereof was given to the complainant on October 19, 1932, and thirty days thereafter its property became subject to seizure and sale under a warrant issuable by the tax commission (section 201).

Having thus exhausted administrative remedies without avail, the complainant seeks judicial protection of its rights, claiming (1) that it is not subject to the tax; (2) that the state statutes provide no adequate legal remedy; and (3) that a constitutional question is presented, giving this court jurisdiction, for the reason that collection of the disputed tax will deprive it of property without due process of law because the provisions of the Tax Law require the tax to be paid before its legality can be litigated and provide no means for obtaining repayment if the state court should decide that the tax was illegally levied. Sections 198, 199, 200 of article 9 of the Tax Law.

We pass at once to the question of jurisdiction. The tax being nearly $6,000, it is apparent that a jurisdictional amount is in controversy. That the legal remedy provided by the state statutes is inadequate is conceded by the defendants, as it must be in view of prior decisions. Matter of Waterman Co., 33 Misc. 569, 68 N. Y. S. 892; Gorham Mfg. Co. v. Travis, 274 F. 975, 977 (D. C. S. D. N. Y.); Procter & Gamble Distributing Co. v. Sherman, 2 F.(2d) 165 (D. C. S. D. N. Y.); Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 295, 41 S. Ct. 272, 65 L. Ed. 638; Educational Films Corp. v. Ward, 282 U. S. 379, 386 note 2, 51 S. Ct. 170, 75 L. Ed. 400. Hence a resort to equity is proper. The objection to jurisdiction is that no constitutional question is involved.

■ The 1931 amendment to section 182 is not itself claimed to be unconstitutional if applied prospectively. That the statute speaks prospectively seems apparent from its language. The taxpayer "shall, at the time of such change of classification, pay an added tax." Were the tax to be laid in respect to a change of classification which had already occurred, payment could not be made "at the time of such change." Nor does the tax commission assume to apply the statute retroactively; on the contrary, it asserts, in agreement with the complainant, that the amendment operates only in futuro.

The dispute is as to a question of interpretation—what is meant by a "change of classification." The complaint is that the amendment, properly construed, imposes no tax upon the complainant, but that other sections of the Tax Law do not allow this question to be litigated without paying over the amount of the tax and putting it beyond recall. Hence, it is urged, the threatened collection will take the complainant's property without due process of law. No precise authority has been presented. The cases above cited relate to the inadequacy of the legal remedy as affording a basis for an equitable remedy, federal jurisdiction being based on diverse citizenship. In addition, Rockaway Pacific Corp. v. Stotesbury, 255 F. 345 (D. C. S. D. N. Y.), is relied upon. There also diverse citizenship existed to give federal jurisdiction, but the question of due process was discussed, and it was held that a state statute providing for the condemnation of property for public defense was unconstitutional, unless accompanied by an appropriation of public funds to pay such award as the court of claims might make to the owner. This is the closest analogy which counsel have discovered. If the tax is illegal, as contended, and no method is provided by the state to test its legality until it has been deposited with the tax commission without legal right of recovery if the taxpayer should succeed in the litigation, we think the collection of it would amount to a taking of property without due process of law in violation of the Fourteenth Amendment. A constitutional question is therefore presented which gives this court jurisdiction.

■ On the merits, the question is whether the bill of complaint states facts which justify injunctive relief. Its solution depends upon the meaning to be given the phrase "upon change of classification," and we must determine this without the aid of New York decisions, since the statutory phrase does not appear to have been construed by any state court. According to the defendants' contention, such a change occurs only when the tax commission determine that a corporation shall report and be taxed under the new classification; according to the complainant it occurs when in fact a corporation engages in business other than real estate, and even though that fact is not reported to the tax commission and the corporation thereafter continues to make its return and pay its annual franchise tax as a real estate corporation. The statute itself does not expressly define what is meant by the phrase "classified under this section as a real estate corporation," nor does it expressly direct the tax commission to make a classification of corporations. But it does direct the tax commission to "state an account for the tax due the state" (section 195), based on the taxpayer's report (section 192) and such additional reports and information as the tax commission may obtain (sections 194, 195). This implies that the commission shall determine from the facts before it under what classification to put the

502

taxpayer, because the account cannot be stated unless that is done. It is true that the tax commission must make its determination pursuant to the definitions expressed or implicit in the Tax Law, for a corporation is to be taxed upon its franchises, under one section or another, according to the character of its business; but the determination of the facts which render the taxpayer amenable to one section or another is to be made by the tax commission, and this constitutes, in our opinion, a classification of the corporation under the section which the commission considers applicable. Hence a "change of classification" occurs when the commission determines that the corporation shall make its return and pay its franchise tax under a different section.

If this be the correct interpretation of the statute, as we believe, then the allegations of the bill to the effect that the complainant began in 1929 to invest its available funds in stocks and bonds and had more than $400,000 so invested on December 31, 1930, and that its certificate of incorporation was amended in March, 1930, to authorize it to buy and sell securities, are wholly immaterial, in view of the other allegations showing that it continued thereafter to report and pay its franchise tax as a real estate corporation, and did not until 1932 bring to the attention of the commission information concerning the change in the character of its business. On the face of the bill, it appears that the complainant's "change of classification," occurred in 1932, long after the amendment to section 182 became effective. Therefore it appears that the tax in dispute was legally assessed, and no case is made for an injunction against the collection of it.

But, although we have reached this conclusion we cannot say the question of statutory construction, upon which the legality of the tax depends, was so clear as to make merely colorable the contention that a constitutional question was involved. Accordingly, the defendant's motion to dismiss for lack of jurisdiction is denied. The complainant's motion for an interlocutory injunction is also denied, and the bill of complaint is dismissed for failure to state a cause of action in equity. An order may be entered in accordance with the foregoing.

On Motion of the Complainant for Leave to Amend its Bill of Complaint and for a Rehearing of its Application for an Interlocutory Injunction and of the Defendants' Motion to Dismiss the Bill of Complaint as and if Amended.

## PER CURIAM.

The complainant desires to amend its bill of complaint by attaching copies of its returns as filed for the franchise tax years 1929, 1930, and 1931. Its motion for leave to amend will be granted in order that it may state its case in what it believes to be the most favorable light in the event that an appeal should be taken. But the amendment does not in our opinion better the complainant's position. The returns show that it reported the nature of its business to be "real estate development"; and the disclosure of its investments in stocks, as called for in the forms provided for making returns, does not in our opinion demonstrate that it could not properly be so classified by the commission for the years in question. We adhere to the view expressed in our former opinion that a "change in classification" occurred when the commission required the complainant to report and pay its tax as a business corporation. Accordingly the defendants' motion to dismiss the bill of complaint as amended, on the ground that it does not state a cause of action in equity, is granted.