## PORESKY v. RYAN, Registrar of Motor Vehicles. *
### No. 3081.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1936.

Joseh Poresky, of Clinton, Mass., pro se.

James J. Bacigalupo, Asst. Atty. Gen., Mass. (Paul A. Dever, Atty. Gen., Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a decree of the District Court for Massachusetts of July 25, 1935, dismissing the plaintiff's bill of complaint. By the bill the plaintiff seeks to enjoin the defendant from enforcing the provisions of the Massachusetts Motor Vehicle Law relating to compulsory insurance. G.L.(Ter.Ed.) Mass. c. 90, § 34A et seq. Relief is sought under Judicial Code, § 266, as amended (28 U.S.C.A. § 380), providing for the statutory three-judge court.

The underlying question is whether the District Court had jurisdiction to entertain the bill. As the proceeding is not based on diversity of citizenship, then, unless a substantial federal question is presented, the District Court was without jurisdiction. In a prior suit brought by Poresky against Ryan and others, charging that

*Certiorari denied 56 S. Ct. 678, 80 L. Ed. ——.

312

chapter 90, Mass.Gen.Laws, was unconstitutional and in violation of the Fourteenth Amendment, the bill was dismissed for want of jurisdiction. The ground of the decision was that the bill did not present a substantial federal question.

A decree of dismissal for want of jurisdiction having been entered in that case, the plaintiff applied to the Supreme Court for leave to file a petition for a writ of mandamus requiring Judge Brewster, or some other competent judge, to call to his assistance two other judges for the purpose of hearing and determining the petitioner's application for an interlocutory injunction, as directed by statute. Judicial Code, § 266, as amended (28 U.S.C.A. § 380). Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152. In the Supreme Court it was held that the provision of law (section 266) requiring the presence of a court of three judges could not be invoked unless the District Court had jurisdiction, and that a single judge was authorized to determine that question; that in the absence of diversity of citizenship it was essential to jurisdiction that a substantial federal question should be presented; that the existence of that question must be determined by the allegations of the bill, and the question "may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" It then held that the District Judge had authority to dismiss the bill for want of jurisdiction "in view of the decisions of this Court bearing upon the constitutional authority of the state, acting in the interest of public safety, to enact the statute assailed." Citing cases.

As the constitutional question presented in that case and held unsubstantial, in view of the prior decisions of the Supreme Court, is precisely the same as the one here presented, it is plain that the District Court was without jurisdiction of the cause and should have dismissed it for want of jurisdiction. The dismissal was a general dismissal; it should have been for want of jurisdiction.

The decree of the District Court is amended to read, "Dismissed for want of jurisdiction," and so amended is affirmed.