**WEBB et al.**

v.

**STATE UNIVERSITY OF NEW YORK et al.**

Civ. A. No. 5063.

United States District Court, N. D. New York.

April 27, 1954.

Clifford H. Searl, Syracuse, N. Y., for
Earl Webb, as President etc., Delta Kap-
pa, Inc., Alumni Ass'n of Iota of Alpha
Kappa Kappa, Inc.

Hancock, Dorr, Ryan & Shove, Syra-
cuse, N. Y., for intervening plaintiff Del-
ta Kappa, Inc.

Kernan & Kernan, Utica, N. Y., for
intervening plaintiff, Phi Sigma Epsilon.

Butterfield, Gibbs, Harrington & Bern-
hardt, Buffalo, N. Y. (Robert P. Harring-
ton, Buffalo, N. Y., and Julian B. Erway,
Albany, N. Y., of counsel), for inter-

vening plaintiffs Pi Kappa Sigma, Delta Sigma Epsilon Sorority, Alpha Sigma Tau Sorority, Theta Sigma Upsilon Sorority, Roger Mueller.

Nathaniel L. Goldstein, Atty. Gen. of State of New York, Wendell P. Brown, Sol. Gen., Albany, John C. Crary, Jr., Asst. Atty. Gen., Irving I. Waxman, Counsel, State University, New York City, Ruth V. Iles, Associate Counsel, Syracuse, of counsel, for defendants.

FOLEY, District Judge.

The amended complaint herein is filed in behalf of "Earl Webb, as President of Sigma Tau Gamma, a voluntary unincorporated association, and all others similarly situated." This pleading describes the plaintiff as a citizen of the United States and a resident of the State of Missouri and the duly elected and acting President of Sigma Tau Gamma, a social fraternity of male students, having chapters at forty-five colleges and universities throughout the United States. The defendant, State University of New York, is described as a corporation created by and existing under the laws of the State of New York, and empowered by the legislature of the State of New York through its governing board of trustees, the individual defendants named, to generally manage and regulate certain institutions of college level within the State of New York, Article 8 of the Education Law of New York, as added by Chapter 698 of the Laws of New York, 1948, as amended.

It is alleged that by enactment of such pertinent law, the State University of New York, and the trustees, were made responsible for the planning, supervision and management of higher educational facilities, supported in whole or in part by state moneys. Under the original law and amendments thereto, the defendants were granted the management of some twenty-nine colleges, together with such colleges as might thereafter come under their jurisdiction. The powers delegated to effectuate the legislative purposes were broad and comprehensive. In several of these institutions which by law came within the province and jurisdiction of this State University, the plaintiff had previously, and apparently to the present time, chapters of its national fraternal association.

The main charge of the complaint goes to a resolution of the Board of Trustees, adopted October 8, 1953, allegedly upon the presentation of such resolution by its President, William S. Carlson. The resolution duly adopted states:

"Resolved that no social organization shall be permitted in any state —operated unit of the State University which has any direct or indirect affiliation or connection with any national or other organization outside the particular unit; and be it further

"Resolved that no such social organization, in policy or practice, shall operate under any rule which bars students on account of race, color, religion, creed, national origin or other artificial criteria; and be it further

"Resolved that the President be, and hereby is, authorized to take such steps as he may deem appropriate to implement this policy, including the determination of which student organizations are social as distinguished from scholastic or religious, and his decision shall be final."

Inasmuch as the plaintiff alleges that it does not discriminate to any extent in the selection of its members, the gravamen of the complaint is directed against the first paragraph of the aforesaid resolution, with slight attack on the last paragraph as granting to the President unreasonable dictatorial, discriminatory and unjust power.

The complaint is most voluminous, and would not be considered, in my judgment, a model pleading for conciseness. By important amendment, consented to by the defendants, an allegation was added based upon the jurisdictional provisions of Section 1343, Title 28 U.S.C.A., as related to the claimed violations of the civil rights provisions

of Section 1983, Title 42 U.S.C.A. Declarative and injunctive relief prayed for in the complaint is based generally upon constitutional grounds in that the provisions of the resolution and their intended purpose and effect are violative of the constitutional rights of the plaintiff as embodied in the First Amendment, particularly in reference to freedom of assembly; the provisions of the Fourteenth Amendment, with particular reference to the due process clause in that there was failure to grant a hearing and the content and method of passage thereof is discriminatory, arbitrary and capricious; the provision of Article I, Section 10, in that existing contract rights are breached. By another important amendment to the original complaint, an interlocutory and permanent injunction, after a hearing by a three-judge court, is now requested to annul the aforesaid resolution of October 8, 1953.

A motion to dismiss the original complaint had been filed in behalf of the defendants based upon stated grounds to dismiss for lack of jurisdiction in the court, and for failure to assert a claim upon which relief could be granted. The amended complaint is now subject to such motion. Procedural confusion was caused by the uncertainty of the plaintiff as to the need for a three-judge court to decide the merits of the controversy. However, that uncertainty vanished when the mandatory provision of Section 2281, Title 28 U.S.C.A. in relation to injunctive relief against state officers was realized, and the plaintiff thereafter filed a formal application with me for the convening of a three-judge court, the procedure for such call being provided for in Section 2284, Title 28 U.S.C.A. It is now agreed by both sides that the merits, if reached, must be decided by a three-judge statutory court.

As the dust was settling, on the scene came eight (as I count them, the State refers to six in its reply brief) new interveners, and such parties were allowed to intervene and file pleadings with the express consent of the defendants. One,

Pi Kappa Sigma is an unincorporated association like the original plaintiff. Four, Phi Sigma Epsilon, Delta Sigma Epsilon, Alpha Sigma Tau and Theta Sigma Upsilon are foreign corporations. Interveners Alumni Association of Iota of Alpha Kappa Kappa, Inc. and Delta Kappa, Inc. are New York corporations. Roger Mueller is a student at Buffalo Teachers College and a member of Sigma Tau Gamma, previously described. All these intervening plaintiffs, by their pleadings in intervention, attach themselves to the complaint of the original plaintiff with the statement that their rights are almost identical, that each will suffer irreparable injury from the effects of the resolution, and ask for the same relief prayed for in the amended complaint of the original plaintiff. It is evident that the intervention of certain of these parties, particularly the four foreign corporations with their diversity of citizenship and the individual asserting violation of his civil rights raise a conglomeration of jurisdictional problems, perplexing as to whether they may add new hinges in support of jurisdiction, Sections 1331, 1332(a) (2), 1343 (3), Title 28 U.S.C.A., and may be considered to aggregate the necessary jurisdictional amount.

To each of these intervening pleadings or complaints, the defendants filed separate motions to dismiss similar to the motion filed against the original complaint. The stated grounds for lack of jurisdiction of the subject matter, specifically challenge the presence of substantial questions in relation to deprivation of civil rights, the same presence of substance in relation to matters arising under the constitution, laws and treaties of the United States. It is specifically traversed that the matter in controversy exceeds the value of $3,000 exclusive of interest and costs, and the failure of diversity is urged as a ground for dismissal when it applies to the status of the particular party as an unincorporated association, New York corporation or individual citizen of New York. I outline these factors to indi-

cate the variety and complexity of the jurisdictional problems presented.

Despite these intricate questions, the first business at hand for me to decide is the necessity for the convening of a three-judge court, ordinarily necessary because of the injunctive relief prayed for against a state official body, Title 28 U.S.C.A. 2281. In a strong, able and persuasive brief, the representatives of the State of New York contend that the constitutional claims posed in behalf of all plaintiffs are plainly unsubstantial because of previous holdings in the Supreme Court of the United States on similar matters. From that premise, with the further assumption that the pleadings establish no other ground of federal jurisdiction, it is logically urged that the upholding of such argument would necessarily obviate the convening of a three-judge court.

The principles in regard to the convening of a court of three judges have been clearly stated but are not too simple in application. In California Water Service Co. v. City of Redding, 304 U.S. 252, 254, 58 S.Ct. 865, 866, 82 L.Ed. 1323, "It is therefore the duty of a district judge, to whom an application for an injunction restraining the enforcement of a state statute or order is made, to scrutinize the bill of complaint to ascertain whether a substantial federal question is presented, as otherwise the provision for the convening of a court of three judges is not applicable." Citing Ex parte Buder, 271 U.S. 461, 467, 46 S.Ct. 557, 70 L.Ed. 1036; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152.

Then again in Ex parte Poresky, supra, "The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. * * * The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy'." Citing cases.

However, in these authorities, imposing the duty of search and scrutiny by the district judge for a substantial federal question in the complaint, it is emphasized that only *"in the absence of diversity"* and when *"no other ground of jurisdiction appears"* does the district judge clearly have the right to dismiss for want of jurisdiction because no substantial question is presented (Italics mine) (Ex parte Poresky, supra; Poresky v. Ryan, 82 F.2d 311, certiorari denied 298 U.S. 654, 56 S.Ct. 678, 80 L.Ed. 1380. A recent decision does establish that diversity of citizenship alone may confer jurisdiction, although it does not follow that such jurisdiction must be exercised. Alabama v. Southern R. Co., 341 U.S. 341, 344–345, 71 S.Ct. 762, 95 L.Ed. 1002. Also in Ex parte Poresky, supra, and in Stratton v. St. Louis S. W. R. Co., 282 U.S. 10, 15, 51 S.Ct. 8, 75 L.Ed. 135, it is pointed out that a single judge is not authorized to dismiss the complaint on the merits whatever his opinion might be.

It is apparent that there are many attributes of technical jurisdiction present and it is not clear to me under the authorities that such other possible qualification for federal decision should be disregarded by a single judge even if he considered the problem presented lacking in constitutional and legal substance in the federal sense.

Despite such feeling, the main attack upon substantiality because of previous federal decisions should be discussed. The defendants rely upon the opinions of the Supreme Court in Waugh v. Board of Trustees of Univ. of Miss., 237 U.S. 589, 35 S.Ct. 720, 59 L.Ed. 1131 and Hamilton v. Regents of Univ. of Cal., 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343. Also, the opinion in Hughes v. Caddo Parish School Board, 57 F.Supp. 508, affirmed by the Supreme Court 323 U.S. 685, 65 S.Ct. 562, 89 L.Ed. 554 in a memorandum-decision based solely on the

authority of Waugh v. Board of Trustees of the Univ. of Miss., supra.

It cannot be seriously questioned that the decisions are close in fact and law to the situation here. As in all legal controversies, arguable and debatable distinctions may be made legally and factually from the situation now presented by the complaint herein. Most significant, however, is the fact that the principle enunciated in the Waugh case and relied upon by the defendants as having such tremendous impact as to foreclose the subject was not cited as authority or precedent in the later Hamilton case. In the Hamilton case, 293 U.S. at page 258, 55 S.Ct. at page 202, the Supreme Court rejected flatly the argument that a substantial federal question was lacking, and stated, "we are unable to say that every question that appellants have brought for decision is so clearly not debatable and utterly lacking in merit as to require dismissal for want of substance." The significant factor in Hughes v. Caddo, supra, is that the matter was decided by a three-judge court and dismissed for want of jurisdiction, and such procedure was not questioned by the Supreme Court in the affirmance. In a recent case, Pyeatte v. Board of Regents of Univ. of Oklahoma, D.C., 102 F.Supp. 407, affirmed 342 U.S. 936, 72 S.Ct. 567, 96 L.Ed. 696, a similar challenge in a like situation to a ruling of the Board of Regents was heard by a three-judge court and the matter was considered and denied upon the merits. The court considered and discussed the Hamilton case but did not dismiss peremptorily for want of jurisdiction. Frankly, under this state of the law, I do not find clear uniformity and consistency which to my mind forecloses automatically the position assumed here by the plaintiffs in their pleadings. Rok v. Legg, D.C., 27 F.Supp. 243; Acret v. Harwood, D.C., 41 F.Supp. 492. Because of my own difficulty in research, it would be most hypocritical to state categorically and I am unable to say that the questions

are foreclosed and not fairly open to debate, and thus deprive the plaintiffs upon uncertain grounds of the prescribed hearing.

I am fully cognizant of the extreme burden placed upon the federal judiciary by the convening of a three-judge court and realize it should not be lightly extended. Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391, 54 S.Ct. 732, 78 L.Ed. 1318. I have also considered the line of authorities which warn against federal interference with state acts, but feel such discretionary decision should be left to the three judges. Railroad Comm. v. Pullman Co., 312 U.S. 496, 500, 501, 61 S.Ct. 643, 85 L.Ed. 971; Stainback v. Mo Hock Ke Lok Po., 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741; Alabama v. Southern Ry. Co., supra; East Coast Lumber Terminal v. Town of Babylon, 2 Cir., 174 F.2d 106, 8 A.L.R.2d 1219.

Finally, if I am in error, it seems that the three judges once convened have the power to correct the situation either directly or indirectly. Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179; Norumbega Co. v. Bennett, D.C., 3 F. Supp. 500, 502, reversed 290 U.S. 598, 54 S.Ct. 207, 78 L.Ed. 526.

Because of the additional jurisdictional claims presented, involving civil rights, diversity, aggregation of interests, and because I am unable to say with certainty there are not constitutional problems presented of substance and importance, which are not arguable because of previous judicial decisions and interpretations, I shall grant the application of the plaintiff for the convening of a three-judge court and shall set the machinery in motion as prescribed in 28 U.S.C.A. § 2284. I hold there is sufficient present to warrant such action, and I defer and reserve the motions to dismiss filed by the defendants upon particular grounds stated therein for the consideration and decision of the statutory court, and it is so ordered.