Earl WEBB, as President of Sigma Tau Gamma, an unincorporated Association, and all others similarly situated, and Delta Kappa, Inc., Phi Sigma Epsilon, Alumni Association of Iota of Alpha Kappa Kappa, Inc., Pi Kappa Sigma, Delta Sigma Epsilon Sorority, Alpha Sigma Tau Sorority, Theta Sigma Upsilon Sorority and Roger Mueller, as Intervenors, Plaintiffs,

v.

STATE UNIVERSITY OF NEW YORK, William S. Carlson, President, Charles Garside, Betty Hawley Donnelly, Norman S. Goetz, Frederick F. Greenman, George E. Haynes, Dwight Marvin, Earle J. Machold, Frank C. Moore, Joseph J. Myler, Edward N. Scheiberling, Henry D. Sherwood, and Emily Smith Warner, comprising the Trustees of State University of New York, Defendants.

Civ. A. No. 5063.

United States District Court, N. D. New York.

June 7, 1954.

Clifford H. Searl, Syracuse, N. Y., for Earl Webb and Alumni Assn. Iota of Alpha Kappa Kappa, Inc.

Hancock, Dorr, Ryan & Shove, Syracuse, N. Y., for Delta Kappa, Inc.

Kernan & Kernan, Utica, N. Y., for Phi Sigma Epsilon.

Butterfield, Gibbs, Harrington & Bernhardt, Buffalo, N. Y., for Pi Kappa Sigma, Delta Sigma Epsilon Sorority, Alpha Sigma Tau Sorority, Theta Sigma Upsilon Sorority and Roger Mueller; Robert P. Harrington and Julian B. Erway, of counsel.

Nathaniel L. Goldstein, Atty. Gen., of the State of New York, Wendell P. Brown, Sol. Gen., Albany, N. Y., John C. Crary, Jr., Asst. Atty. Gen., Irving I. Waxman, New York City, of counsel, and Ruth V. Illes, Associate Counsel, Syracuse, N. Y., for State University.

Albert S. Bard, New York City, Counsel for National Inter-Fraternity Conference and the National Panhellenic Conference, amici curiae.

Before AUGUSTUS N. HAND, Circuit Judge, and BRENNAN and FOLEY, District Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiffs and intervenors, as members and affiliates of national fraternities and sororities, seek to void the resolution adopted by the Board of Trustees of the State University of New York on October 8, 1953.. The resolution in effect bans social organizations having a direct or indirect affiliation with any national or other organization ouside the particular unit of the State University where such social organization is located. The resolution in its entirety is quoted below.[1] Since the local chapters will have to forego affiliation with the national organization of their fraternity or sorority if they wish to continue functioning at the state units, the plaintiffs claim that the resolution deprives them of their civil rights. Specifically they charge that the resolution was adopted without due process of law, encroaches on their freedom to assembly, denies them equal protection of the law, and adversely affects existing contract rights. Accordingly a judgment is sought declaring the resolution unconstitutional and enjoining its enforcement. Jurisdiction to pass on this question is founded both under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) as a deprivation of civil rights under 42 U.S.C.A. § 1983 is alleged. Since the validity of the action of a state agency functioning under state statutes is involved, a three judge court was convened pursuant to 28 U.S.C. § 2281. Webb v. State University of New York, D.C.N.D.N.Y.1954, 120 F.Supp. 554.

At the hearing plaintiffs introduced evidence to show the beneficial as-

---

1. "Resolved that no social organization shall be permitted in any state-operated unit of the State University which has any direct or indirect affiliation or connection with any national or other organization outside the particular unit; and be it further

"Resolved that no such social organization, in policy or practice, shall operate under any rule which bars students on account of race, color, religion, creed, national origin or other artificial criteria; and be it further

"Resolved that the President be, and hereby is, authorized to take such steps as he may deem appropriate to implement this policy, including the determination of which student organizations are social as distinguished from scholastic or religious, and his decision shall be final."

pects of national affiliation, the lack of discriminatory clauses in their constitutions, and generally the relationship between the national organization and the local chapters. Testimony was introduced to the effect that no notification of the pending resolution or a chance for a hearing was given. However, we find little merit in the numerous contentions made by the plaintiffs as it is clear that the constitutionality of the action taken here cannot be questioned. A state may adopt such measures, including the outlawing of certain social organizations, as it deems necessary to its duty of supervision and control of its educational institutions. See Waugh v. Board of Trustees of Mississippi University, 237 U.S. 589, 35 S.Ct. 720, 59 L.Ed. 1131; Hughes v. Caddo Parish School Board, D.C.W.D.La., 57 F.Supp. 508, affirmed 323 U.S. 685, 65 S.Ct. 562, 89 L.Ed. 554; cf. Hamilton v. Regents of University of California, 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343. Moreover, the incidental effect of any action or policy adopted upon individuals or organizations outside the university is not a basis for attack. Pyeatte v. Board of Regents of University of Okl., D.C.W.D. Okl., 102 F.Supp. 407, affirmed 342 U.S. 936, 72 S.Ct. 567, 96 L.Ed. 696. The plaintiffs have cited no authority contrary to these decisions and since we consider them controlling in the case before us, further discussion becomes unnecessary.

■■ Plaintiffs argue that they were not notified of the pending action, but lack of notice and hearing before adoption of a resolution by an administrative body is not a denial of due process where legislative action of a prospective nature is taken under a valid delegation of powers from the legislature. See Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676, 694, certiorari denied, 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527. Moreover, the Board of Trustees seems clearly within its supervisory powers, see Education Law, McK.Consol.Laws, c. 16, § 355, in making the decision that social organiza-

tions, other than strictly local autonomous ones subject without question to local control by the University, are detrimental to the educational environment at units of the State University.

■ Accordingly, we find that plaintiffs here have not shown that they have been deprived of any civil rights. Since the Resolution adopted by the Board of Trustees does not encroach on any constitutional rights, the action is dismissed.

Judgment for the defendants.