Donald H. JACOBS, doing business as the Jacobs Instrument Company

v.

J. Millard TAWES, Comptroller of the Treasury, State of Maryland.

No. 9666.

United States District Court
D. Maryland, Civil Division.

June 4, 1957.

Donald H. Jacobs, in pro. per.

C. Ferdinand Sybert, Atty. Gen., of Maryland, Theodore C. Waters, Jr., Asst. Atty. Gen., and Edward F. Engelbert, Retail Sales Tax Division, Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

The comptroller has moved to dismiss the "petition", really a complaint, filed by Jacobs to enjoin the comptroller from collecting sales and use taxes in the amount of $1,914.62, including penalty and interest, assessed against Jacobs under the Maryland Retail Sales Tax and Maryland Use Tax Acts, Ann.Code, art. 81, secs. 320–396, incl. The complaint alleges that Jacobs was not liable for the taxes because the purchases, as a result of which the taxes were assessed, were made by Jacobs as an agent of the United States; that he was not given a fair hearing by the comptroller's office; and that the provisions of the statute which authorize such a hearing deny him procedural due process and violate the Sixth and Fourteenth Amendments to the Constitution of the United States.

The complaint states that "this action arises under the provisions of 28 U.S.C.

§§ 2281, 2284", and prays that a three-judge court be convened to hear the proceeding. The complaint does not claim that this court has jurisdiction under any other section of the United States Code, but in his brief and oral argument Jacobs referred to 28 U.S.C. §§ 1331, 1345 and 2201.

The motion to dismiss alleges that this court is without jurisdiction to issue the requested injunction because the matter in controversy does not exceed $3,000, exclusive of interests and costs, because no substantial federal question is raised, because 28 U.S.C. § 1341 prohibits the district courts from enjoining the collection of taxes by a state where a plain, speedy and efficient remedy may be had in the courts of such state, and for other reasons.

Although many of the questions raised by the complaint and the motion to dismiss can properly be disposed of only by a three-judge court, 28 U.S.C. § 2281, the district judge to whom such a complaint is presented is under a duty to examine the pleading to see if the district court has jurisdiction. A three-judge court need not be convened where it appears clearly on the face of the complaint that the court does not have jurisdiction. Ex parte Poresky, 290 U.S. 30, 154 S.Ct. 3, 78 L.Ed. 152; Poresky v. Ryan, 1 Cir., 82 F.2d 311; Linehan v. Waterfront Commission of New York Harbor, D.C. S.D.N.Y., 116 F.Supp. 401; and cases cited at p. 404, note 1.

The amount in controversy in this case is $1,914.62, less than $3,000. This court, therefore, has no jurisdiction under 28 U.S.C. § 1331. Reiling v. Lacy, D.C.D.Md., 93 F.Supp. 462. Nor is plaintiff entitled to proceed under sec. 1345. Although he has alleged that the taxes were improperly assessed because he made the purchases as an agent of the United States, he is not prosecuting this action as an agency or officer of the United States and has not been authorized to sue by Act of Congress. Secs. 2201–2202, providing for declaratory judgments, apply only where the con-

troversy is within the jurisdiction of the court. The same is true of sec. 2281.

It is clear, therefore, that this court does not have jurisdiction; the complaint must be and is hereby dismissed.