**UNITED STATES of America**

v.

**Donald H. JACOBS, doing business as The Jacobs Instrument Company.**

Civ. A. No. 7459.

United States District Court
D. Maryland,
Civil Division.

Nov. 4, 1957.

Donald H. Jacobs, pro se.

Leon H. A. Pierson, U. S. Atty., and J. Jefferson Miller, II, Asst. U. S. Atty., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

This case is before the court again on the petition of defendant Jacobs for a stay pending appeal from an order dismissing without prejudice his motion to reopen the case.

In April, 1949, Jacobs entered into a research and development contract with the Government for the development of a bomb system. That contract was terminated by the government in June, 1953. Jacobs refused to turn over to the United States certain property and records and drawings made in the course of the work, and this suit was instituted to require him to turn them over. Jacobs denied the right of the United States to the records and drawings in question and asserted counterclaims under the contract. After extended hearings, this court entered a decree directing Jacobs to turn over certain property and to permit the government to make copies and microfilms of the records and drawings made in the course of the work under the contract, but imposed as a condition of this relief that the government pay Jacobs the sum of $20,072.91. Both sides appealed, but the decree of this court was affirmed by the Fourth Circuit, Jacobs v. United States, 239 F.2d 459. Certiorari was denied, 353 U.S. 904, 77 S.Ct. 859, 1 L.Ed.2d 861. The mandate of the Fourth Circuit was received by the clerk of this court on April 1, 1957.

In the meantime, the Comptroller of the Treasury of the State of Maryland had assessed against Jacobs sales and use taxes in the amount of $1,914.62, including penalty and interest, under the Maryland Retail Sales Tax and Maryland Use Tax Acts, Ann.Code, Art. 81, secs. 320 to 396. Jacobs contended, and still contends, that he is not liable for those taxes because the purchases as a result of which the taxes were assessed were made by him as an agent of the United

States, that he was not given a fair hearing by the Comptroller's office, and that the provisions of the statute which authorized such a hearing deny him procedural due process. He is now litigating the validity of the assessment in the Maryland state courts.

On May 2, 1957, Jacobs filed suit in this court against the Comptroller, Civil Action No. 9666, seeking to enjoin the Comptroller from collecting the sales and use taxes. That complaint was dismissed for lack of jurisdiction, Jacobs v. Tawes, D.C., 151 F.Supp. 770, June 4, 1957.

Meanwhile, on May 6, 1957, Jacobs filed a petition in this case, Civil Action No. 7459, referring to the fact that the final decree entered herein on December 29, 1955, provides that after the government has deposited with the clerk a check or checks in the aggregate amount of $20,072.91 payable to Jacobs, the clerk shall release and deliver said check or checks to Jacobs upon order of this court and upon his deposit with the clerk of (1) a certificate of compliance with the patent provisions of Contract NOrd 10531, as amended, and (2) a release to the United States. Jacobs alleges that if he signs the release required to obtain the check and is subsequently required to pay the sales and use taxes, he will not be able to recover the amount of those taxes from the government even though, as he alleges, he is legally entitled thereto as charges which are reimbursable and allowable under Contract NOrd 10531, as amended. Wherefore, Jacobs prays that this case be reopened, and that the release of the microfilm to the government be held in abeyance until a final determination is made of the amount owing to Jacobs by the government.

After considering that petition, I ordered, on September 13, 1957, that the defendant's motion to reopen the case be dismissed without prejudice, and added: "The court will consider any further motion of the defendant upon the final determination of the defendant's case against the State of Maryland in regard to Maryland Sales and Use Taxes".

On September 18, 1957, Jacobs filed in this court a petition for stay pending appeal, in which he stated that he had mailed a petition for such a stay to the United States Court of Appeals for the Fourth Circuit on September 16, 1957, but on further reflection had concluded that he should exhaust all of his remedies in the District Court. He prayed that this court hold in abeyance the delivery to the government of the microfilm of his technical files pending the determination of his appeal from the order of September 13, 1957. The appeal was actually filed on October 3, 1957. The government has filed an answer to Jacobs' petition for stay pending appeal and Jacobs has filed a reply to the government's answer.

When the government pays the $20,072.91 to the clerk of this court, it will have done all that it was required to do by the decree in this case, and will be entitled to receive the microfilm pursuant to that decree. Jacobs will not be prejudiced by the delivery of the microfilm to the United States. Under the order of September 13, 1957, he may file another motion to reopen this case, pursuant to Rule 60(b), Fed.Rules Civ.Proc., 28 U.S. C.A., at the conclusion of his litigation with the State of Maryland. If he wishes to receive the $20,072.91 promptly, he can give a release to the government and draw down the money. If he prefers to continue to fight about the $1,914.62, he can let the $20,072.91 remain with the clerk until his litigation in the State courts is at an end, and he can determine whether there is any need for him to file any further motion and whether under all the circumstances he should file such a motion. It is not unjust to the defendant to allow the government to obtain the microfilm at this time. On the other hand, it might cause real damage to the government and the people of the United States to stay that right, although after pressing hard for a final decree the government has been relatively complacent about subsequent delays. Counsel for the government states that its delay in depositing the money and picking up the

microfilm has been caused by the various motions filed by the defendant and by the government's desire not to interfere with the processes of the court.     .

The motion for a stay is denied.