Peter G. BRUNO et al., Plaintiffs,

v.

Robert W. WARREN, Attorney General, State of Wisconsin, et al., Defendants.

Richard MISURELLI et al., Plaintiffs,

v.

Robert W. WARREN, Attorney General, State of Wisconsin, et al., Defendants.

Civ. A. Nos. 71–C–599, 71–C–600.

United States District Court,
E. D. Wisconsin.

July 20, 1972.

Victor C. Cairo, and Jay Schwartz, Racine, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen., and Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for defendant Robert W. Warren.

Joseph Salituro, Corp. Counsel for Kenosha Co., Kenosha, Wis., for defendant Burton Scott.

Michael S. Fisher, City Atty., and Terry L. Constant, Asst. City Atty., Kenosha, Wis., for defendant Robert Bosman.

Dennis J. Flynn, Corp. Counsel for Racine County, Racine, Wis., for defendant Gerald Clickner.

Edward A. Krenzke, Deputy City Atty., Racine, Wis., for defendant LeRoy Jenkins.

REYNOLDS, Chief Judge.

## DECISION

These are civil rights actions in which plaintiffs seek to enjoin the enforcement of two Wisconsin obscenity laws and request the convening of a three-judge court to do this.

The plaintiffs are tavern owners and dancers engaged in providing nude dancing entertainment. The defendants are state law enforcement officials who have commenced prosecutions against some of the plaintiffs and threatened prosecution against all with regard to the dancing entertainment,[1] charging that such entertainment constitutes a violation of Wis.Stats. §§ 944.20 and 944.21. Plaintiffs challenge these two statutes, as construed by the Wisconsin Supreme Court, as being unconstitutional. Further, they seek to enjoin enforcement of the statutes requesting that all pending or future prosecutions based on these laws be barred. The question before me today is whether a three-judge court is necessary. Title 28 U.S.C. § 2281.

In State v. Kois, 51 Wis.2d 668, 188 N.W.2d 467 (1971), and Court v. State, 51 Wis.2d 683, 188 N.W.2d 475 (1971), the Wisconsin Supreme Court defined the meaning of the term "obscenity" for both statutory and First Amendment purposes. In so defining they held that (1) "community standards" as used in the *Roth-Memoirs* test set forth by the United States Supreme Court are state, *not* national, "community standards"; (2) that the "social value" of the alleged obscenity may be balanced against its "prurient appeal" and "offensiveness"; and (3) that it is unnecessary for the reviewing court to make a determination of obscenity independent of the initial fact finder. Plaintiffs argue that Wis.Stats. §§ 944.20 and 944.21 as so construed are unconstitutional upon their face. A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L. Ed.2d 793 (1964); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 (1957). Plaintiffs further contend that Younger v. Harris, 401 U. S. 37, 45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),[2] does not act to bar relief with regard to any of the plaintiffs. It is alleged that the Wisconsin Supreme Court in *Kois* and *Court* have misconstrued the First Amendment and have rejected the mandate of the United States Supreme Court as laid down in *Memoirs, Jacobellis,* and *Roth.* Thus, plaintiffs continue, *Kois* and *Court* preclude plaintiffs from obtaining an adequate state forum in which they might assert their First Amendment rights, a forum which is a condition precedent to *Younger* absten-

---

1. "944.20 Lewd and lascivious behavior. Whoever does any of the following may be fined not more than $500 or imprisoned not more than one year in county jail or both:

"(1) Commits an indecent act of sexual gratification with another with knowledge that they are in the presence of others; or

"(2) Publicly and indecently exposes a sex organ; or

"(3) Openly cohabits and associates with a person he knows is not his spouse under circumstances that imply sexual intercourse."

"944.21 Lewd, obscene or indecent matter, pictures and performances. (1) Whoever intentionally does any of the following may be fined not more than $5,000 or imprisoned not more than 5 years or both:

"(a) Imports, prints, advertises, sells, has in his possession for sale, or publishes, exhibits, or transfers commercially any lewd, obscene or indecent written matter, picture, sound recording, or film; or

"(b) Has in his possession any lewd, obscene or indecent sound recording or motion picture film; or

"(c) Has in his possession, with intent to transfer or exhibit to a person under the age of 18 years, any matter prohibited by this section; or

"(d) Advertises, produces or performs in any lewd, obscene or indecent performance.
\*     \*     \*     \*     \*     \* "

2. " 'The accused should first set up and rely upon his defense in the state courts, [when faced with a state criminal prosecution] even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.' "

tion. Younger v. Harris, supra; Lewis v. Kugler, 446 F.2d 1343, 1349 (3rd Cir. 1971); Kinney v. Lenon, 447 F.2d 596, 601 (9th Cir. 1971); Turco v. Allen, 334 F.Supp. 209, 212 (Md.1971).

As Judge Lay in Morrissey v. Brewer, 443 F.2d 942, 964 (8th Cir. 1971) (dissenting), succinctly put it: "*Younger* [does] not mean that a federal court must sit by and allow a state to misconstrue the Federal Constitution." Without tendering an opinion on the ultimate merits of any of plaintiffs' positions, initial review indicates that plaintiffs' indictments of Wis.Stats. §§ 944.20 and 944.21, as construed by the Wisconsin Supreme Court and as being in violation of the First Amendment, are neither frivolous nor insubstantial. Initial review further suggests that the argument that Younger v. Harris does not preclude equitable relief is likewise neither frivolous nor insubstantial.[3]

Accordingly, I will request that a three-judge court be convened.

3. A single judge may not as a general rule dismiss for want of equity, Stratton v. St. Louis Southwestern Railway Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135 (1930), or abstain, Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), until it is first determined that a three-judge court is unnecessary. Thus it might be argued that I need not deal with *Younger* in this opinion. However, *Idlewild*, 370 U.S. at 715, 82 S.Ct. at 1296, also placed on the single judge the duty of determining "whether the complaint at least formally alleges a basis for equitable relief." In light of the lack of discretion invested in the trial court in a "typical" *Younger* case, I find that a single judge in passing upon an application for a three-judge court must review the complaint in light of *Younger* to determine whether the basis alleged for equitable relief is so insubstantial or frivolous as to allow disposition by a single judge.