**DETCO, INC., a Wisconsin Corporation,
Plaintiff,**

v.

**Harold BREIER et al., Defendants.**

**Civ. A. No. 72–C–121.**

United States District Court,
E. D. Wisconsin.

Oct. 31, 1972.

John J. Valenti, Milwaukee, Wis., for plaintiff.

E. Michael McCann, Dist. Atty., Milwaukee, Wis., for defendants E. Michael McCann, Milwaukee, Wis., his successors, et al.

Joseph McGinn, Asst. City Atty., Milwaukee, Wis., for defendant Harold Breier.

### DECISION AND ORDER

REYNOLDS, District Judge.

In this civil rights case the plaintiff, a theatre corporation, is seeking declaratory and injunctive relief against the enforcement of Wisconsin's obscenity

538

statute, Wis.Stats. § 944.21, on the ground that as construed and as applied to it, the statute violates the First Amendment. Jurisdiction is founded on 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. § 1983. The matter is before me on plaintiff's motions for a three-judge court and a temporary restraining order against the pending state prosecution. I grant both requests.

On February 24, 1972, the defendants entered plaintiff's theatre pursuant to a search warrant and seized the film *Sexual Liberty Now* without notice to plaintiff or an adversary hearing. Plaintiff immediately sought the film's return on the ground that it was unlawfully seized. The film was returned on March 3, 1972, before the legality of the film's seizure was decided. Counsel for plaintiff now focuses attention on the criminal prosecution itself.

This court has previously dealt with the issues raised by plaintiff's request for a three-judge court in Bruno v. Warren (Misurelli v. Warren), 344 F. Supp. 97 (E.D.Wis. filed July 20, 1972). Here, as in those cases, plaintiff claims that Wis.Stats. § 944.21, as construed by the Wisconsin Supreme Court in State v. Kois, 51 Wis.2d 668, 188 N.W.2d 467 (1971), rev'd per curiam, Kois v. State, 408 U.S. 229, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972), and Court v. State, 51 Wis.2d 683, 188 N.W.2d 475 (1971), petition for certiorari filed 40 U.S.L.W. 3224 (U.S., September 22, 1971) (No. 71–411), violates the First Amendment. Here, as in those cases, plaintiff claims that the authoritative interpretation given § 944.- 21 in *Kois* and *Court* by the Wisconsin Supreme Court precludes it from obtaining an adequate state forum in which to assert its First Amendment rights and therefore makes abstention under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), inappropriate.

■ As in *Bruno* and *Misurelli*, initial review indicates that neither the challenge to the constitutionality of the statute as construed nor the argument for declining to abstain is frivolous or insubstantial. Accordingly, since the technical requirements of 28 U.S.C. §§ 2281 and 2284 are also met, I will request that a three-judge court be convened.

■ To restrain a state criminal prosecution, past decisions teach, is a grave action ordinarily requiring a showing of irreparable injury that is "both great and immediate." Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Fenner v. Boykin, 271 U.S. 240, 243–244, 46 S.Ct. 492, 70 L.Ed. 927 (1926). The ordinary reluctance of federal courts to intervene stems in large part from the presumption that the state courts may adequately resolve the plaintiff's federal claims. But here, it is that very presumption which is attacked. In *Kois* and again in *Court*, the Wisconsin Supreme Court authoritatively declared the standards which Wisconsin courts would use in determining obscenity. If, as plaintiff asserts, and which assertion I find to be not insubstantial, those standards seriously conflict with the federal standards established in A Book Named "John Clelland's Memoirs of a Woman of Pleasure" v. Attorney Gen. of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1963), and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), it would be absurd to require all those charged with obscenity to fight their way repeatedly through the state courts whenever they are unable to show that the prosecution is brought in bad faith or that it will cause them irreparable injury of a rare and undefined severity. As Judge Lay in Morrissey v. Brewer, 443 F.2d 942, 964 (8th Cir. 1971) (dissenting), rev'd 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (decided June 29, 1972), succinctly put it: "*Younger* [does] not mean that a federal court must sit by and allow a state to misconstrue the Federal Constitution."

Plaintiff has more than shown the irreparable injury traditionally needed to warrant equitable relief. As he points

out, a later decision by the three-judge court enjoining further enforcement of § 944.21 as construed will be of little avail to him if he has already been prosecuted. And, of course, once the film is found "obscene" in the state courts, it may be destroyed.

When an individual is prosecuted under a statute which, as construed, violates the First Amendment, he is not only subjected to the irreparable injury invariably connected with defending and appealing any criminal prosecution, but in addition he and others like him will be inhibited from exhibiting films that are protected under the First Amendment, all at the expense of the free dissemination of ideas.

Finally, the injury to state interests which granting the restraining order would cause is not that compelling, for the state may, of course, continue its prosecution of plaintiff should the state statute as construed be upheld.

It is therefore ordered that plaintiff's motion for an order restraining the enforcement against it of Wis.Stats. § 944.-21 pending the resolution of its motion for a preliminary injunction by the three-judge court be and it hereby is granted.