**DETCO, INC., a Wisconsin Corporation, Plaintiff,**

v.

**E. Michael McCANN, Individually and as District Attorney for Milwaukee County, Wisconsin, et al., Defendants.**

**Civ. A. No. 72–C–121.**

United States District Court,
E. D. Wisconsin.

Oct. 19, 1973.

Dominic H. Frinzi, Milwaukee, Wis., for plaintiff.

Francis J. Slattery, Asst. Dist. Atty., Milwaukee, Wis., for defendants.

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, District Judge.

On July 20, 1972, the plaintiff, a theatre corporation, sought injunctive relief against the enforcement of Wisconsin's obscenity statute, Wis.Stats. § 944.21.[1] In Detco v. Breier, 349 F.Supp. 537 (E.D.Wis.1972), this court, sitting as a single judge, granted plaintiff a temporary restraining order restraining the defendants from enforcing § 944.21 against the plaintiff on the grounds that as construed and applied the statute was found likely to be in violation of the First Amendment, and additionally, if enforced against plaintiff, he would suffer irreparable harm.[2] After the issuance of the temporary restraining order, this matter was assigned to a three-judge court for determination of the substantive issues involved. On May 3, 1973, the three-judge court heard oral argument on plaintiff's motion for a preliminary injunction. This matter was taken under advisement.

Subsequently, on July 17, 1973, defendants made a motion for an order vacating the temporary restraining order in light of the recent Supreme Court decision in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (decided June 21, 1973). This matter is presently before the three-judge court on that motion. It is the feeling of this court that the temporary restraining order should not be vacated.

The probability that the express wording of § 944.21 will be held unconstitutional is greater after Miller v. California, supra, than before. In *Miller* the

---

1. "944.21 Lewd, obscene or indecent matter, pictures and performances. (1) Whoever intentionally does any of the following may be fined not more than $5,000 or imprisoned not more than 5 years or both:

"(a) Imports, prints, advertises, sells, has in his possession for sale, or publishes, exhibits, or transfers commercially any lewd, obscene or indecent written matter, picture, sound recording, or film; or

"(b) Has in his possession any lewd, obscene or indecent sound recording or motion picture film; or

"(c) Has in his possession, with intent to transfer or exhibit to a person under the age of 18 years, any matter prohibited by this section; or

"(d) Advertises, produces or performs in any lewd, obscene or indecent performance.

"(2) Whoever requires, as a condition to the purchase of periodicals, that a retailer accept material known by the distributor to be lewd, obscene or indecent may be fined not more than $5,000 or imprisoned not more than 5 years or both."

2. By stipulation and order signed on March 6, 1972, this action was dismissed against Harold Breier, and the name of the present action has become Detco, Inc. v. McCann.

Supreme Court provided a new formula for determining obscenity:

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, * * * (b) whether the work depicts or describes, in a patently offensive way, sexual conduct *specifically defined by the applicable state law,* and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. * * * " (Emphasis added.) Id. at 15, 93 S. Ct. at 2610.

This new formula was designed to provide for standards more concrete and specific than those of the past and to alleviate the problems posed by the void-for-vagueness doctrine and the requirements of notice. The Court stated:

" * * * no one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive 'hard core' sexual conduct *specifically defined by the regulating state law,* as written or construed. We are satisfied that these *specific prerequisites* will provide fair notice to a dealer in such materials that his public and commercial activities may bring prosecution. * * * " (Emphasis added.) Id. at 27, 93 S.Ct. at 2616.

Thus, the dictates of *Miller*, especially the specificity requirement, are likely to sound the death knell for the Wisconsin obscenity statute as it is presently construed.[3]

In addition, in *Miller* the Court determined that the action should be remanded to the state appellate court for a decision on whether or not the statute, as either written or construed, complied with the specificity requirements enunciated by the Court. Id. at 15, 93 S.Ct. 2607. Likewise, see Paris Adult Theater I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), and Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973). In United States v. 12 200-Ft. Reels, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500, n. 7 (1973), it was stated that " * * * we must leave to state courts the construction of state legislation * * *." In light of both this and the probability that § 944.21, Wis.Stats., is unconstitutional as both written and construed, it is the feeling of this court that the State of Wisconsin should be given an adequate opportunity to change its laws to conform to the dictates of Miller v. California. Therefore, this court will not lift the temporary restraining order but will refrain from ruling on the merits until the state has had an opportunity to change the present law by either judicial construction or statute.[4]

It is therefore ordered that defendants' motion to vacate the temporary restraining order be and it hereby is denied.

3. See especially the wording of § 944.-21(1)(2).

4. The Wisconsin Supreme Court is presently considering the constitutionality of various provisions of § 944.21 in the following cases: State ex rel. Chabot v. Circuit Court; State v. Green, and State v. Schneider.